SOUTHERN PAC. CO. v. KELLEY.

(Circuit Court of Appeals, Seventh Circuit. January 10, 1911. Rehearing Denied April 11, 1911.)

No. 1,722.

1. APPEAL AND ERROR (§ 105*)—JUDGMENTS REVIEWABLE—NONSUIT.
     A judgment on nonsuit, dismissing the cause, is reviewable on error.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 717-723; Dec. Dig. § 105.*
     Orders, decrees, and judgments reviewable in Circuit Court of Appeals, see notes to Salmon v. Mills, 13 C. C. A. 374; Taylor v. Breese, 90 C. C. A. 566.]

2. COURTS (§ 354*)—PRACTICE IN FEDERAL COURT—VACATING JUDGMENT.
     The right of a federal court to set aside, vacate, or modify its earlier rulings or judgment in a cause at any time during the term is inherent. and unaffected by the provisions of a statute regulating practice in the state courts.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. § 934; Dec. Dig. § 354.*]

3. COURTS (§ 331*)—FEDERAL COURTS—PRACTICE—VOLUNTARY NONSUIT—CONSTRUCTION OF STATUTE.
     Hurd's Rev. St. Ill. 1909. c. 110, § 70, amending the practice act by providing that "every person desirous of suffering a nonsuit shall be barred therefrom, unless he do so. * * * if the case is tried before the court without a jury, before the case is submitted for final decision," if applicable in any case in a federal court, does not affect the right of the court to grant a nonsuit after a finding has been made, where it has been set aside.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. § 900; Dec. Dig. § 331.*]

4. APPEAL AND ERROR (§ 927*)—REVIEW—NONSUIT.
     An order granting a nonsuit was presumptively made for good cause shown, and cannot be reviewed by an appellate court, where the record. does not show the facts on which the court acted.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Northern District of Illinois.

Action at law by Frank J. Kelley against the Southern Pacific Company. Judgment of nonsuit, and defendant brings error. Affirmed.

The plaintiff in error was defendant below, in an action of assumpsit, brought by Kelley (as plaintiff), to recover the value of an automobile delivered to the defendant, for transportation to California; and the suit was commenced in the municipal court of Chicago, and removed to the United States Circuit Court on petition of the defendant. After trial by the court (on waiver of a jury), judgment of nonsuit, dismissing the cause "at the plaintiff's costs," was ultimately entered, and this writ of error is brought by the defendant for reversal thereof. Error is assigned: (1) For vacation therein of a judgment previously allowed in favor of the defendant, on a general finding of facts; and (2) for granting the nonsuit thereafter, on motion of plaintiff. The various proceedings involved therein are stated in the opinion, in so far as deemed material.

Lewis W. McCandless and John Maynard Harlan, for plaintiff in error.

Almon W. Bulkley, Edward E. Gray, and Clair E. More, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). [1] The judgment, whereof reversal is sought on behalf of the defendant below, dismisses the suit, and thus may be reviewable for error well assigned. So the plaintiff's motion to dismiss the writ of error, for want of jurisdiction, is overruled, and we proceed to consideration of the proposition of error relied upon for reversal—in substance, that the grant of a nonsuit, under the facts of record, was an unauthorized exercise of judicial power.

The bill of exceptions does not preserve the testimony, nor circumstances in reference to the prior finding and judgment of the court (April 15th) in favor of the defendant, beyond these statements (in substance): That the plaintiff introduced evidence and rested his case; that the defendant (under leave of court) then "filed a notice of set-off, and moved for a finding in its favor (1) on the issues presented by the plaintiff and (2) on the issue of set-off"; that the court sustained such motion as to the plaintiff's declaration, but overruled the branch as to set-off, and thereupon "made and announced a general finding upon the facts in favor of the defendant, and rendered and announced judgment accordingly in favor of the defendant"; that plaintiff then entered motion for a voluntary nonsuit; and that such motion was taken under advisement by the court, stay was granted, and the cause continued for disposition of the motion. Subsequently the plaintiff entered an alternative motion to have the judgment set aside and a new trial granted, but the request for a new trial was withdrawn at the hearing. On June 29th the hearing occurred, resulting in the rulings and judgment complained of, reciting (in substance) vacation of the "judgment" of April 15th and granting a judgment of nonsuit and dismissal of the cause "at the plaintiff's costs." Exceptions were entered on behalf of the defendant; and this writ is prosecuted therefrom, with no other matters preserved of record affecting the inquiry.

The plaintiff in error contends, as formulated in the argument of counsel, that the trial court erred: (1) In vacating the judgment and allowing the nonsuit, "because the motion for a nonsuit was interposed too late"; and (2) in allowing the nonsuit, after the filing of motion of set-off, without consent of the defendant, or "good cause shown" therefor. We believe neither of these contentions to be tenable for reversal of the judgment.

1. The first proposition appears to be twofold, resting on the theory that vacation of the prior ruling of the court is inhibited by the statutory rule of Illinois, which is likewise relied upon for denial of power to grant the nonsuit. The local statutes cited are two recent enactments (1907) governing the practice of the state courts in Illinois— one for the municipal court of Chicago (Hurd's R. S. 1909, § 293, c. 37) providing that "every person desirous of suffering a nonsuit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case the trial is by the court without a jury, states its finding," and the other, amending the practice act (Hurd's R. S. 1909, § 70, c. 110) as follows:

"Every person desirous of suffering a nonsuit shall be barred therefrom, unless he do so before the jury retire from the bar, or if the case is tried before the court without a jury, before the case is submitted for final decision."

[2, 3] Whether either of these provisions, in reference to the practice in cases tried by the court without a jury, is applicable or controlling, in any sense or measure, in the federal court, is not involved for determination, as we believe, for the reason that the right of the trial court to set aside, vacate, or modify its earlier rulings and judgment in the cause, even at any time during the term, is inherent and unaffected by the provisions referred to, if otherwise applicable. This doctrine is settled beyond controversy throughout the federal jurisdiction (Ex parte Lange, 18 Wall. 163, 167, 21 L. Ed. 872; Goddard v. Ordway, 101 U. S. 745, 752, 25 L. Ed. 1040; Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797; Phillips v. Negley. 117 U. S. 665, 672, 6 Sup. Ct. 901, 29 L. Ed. 1013); and it is needless to ascertain whether it prevails as well in all state courts of record. So vacation of the ruling made at the close of the trial was clearly within the judicial discretion of the court; and no doubt is entertainable that the ruling of June 29th, upon hearing of the several motions, was thus not only intended, but operative, to vacate the proceeding which was entitled and mentioned as "judgment," and embraced (in terms) the only finding entered in the cause. The effect thereof was to leave no finding or judgment standing in the way of the motion for a nonsuit, and the allowance accordingly, is both presumptively well founded and free from conflict in fact with either rule (statutory or common law) invoked for reversal.

[4] 2. The alleged error for want of "good cause shown" for granting the nonsuit, after the motion of set-off was filed, is without force, if the contentions on behalf of the plaintiff in error as to the rule applicable under such notice were assumed to be tenable. Not only does it appear of record that the court had previously overruled the set-off, but none of the facts are preserved, either in reference to

the merits of one or the other controversy, or of circumstances before the court supporting the motions. If the ruling requires such support, therefore, the judgment is presumptive of "good cause shown," and stands unimpeached.

The judgment of the Circuit Court, accordingly, is affirmed.