## SUPREME COURT OPINIONS

### Not Yet Officially Published

### Decided on Dates Shown in Headings

### No. 6

### MYERS v. JOHN HANCOCK LIFE INS. CO.

Ohio Supreme Court
No. 17836. Decided June 12, 1923

54. AGENCY—Notice to agent not binding upon principal in absence of authority to deal with matters involved.

723. LIFE INSURANCE—Notice to examining physician of changed condition of insurability held not binding upon insurer.

MATTHIAS, J.

#### Epitomized Opinion
First Publication of this Opinion

This action was brought in the Common Pleas Court of Hamilton County to recover the amount claimed to be due on a policy. On Dec. 12, 1918, Harry Benedict, now deceased, made an application for life insurance. He was examined on Dec. 13 by defendant's medical examiner, who recommended such insurance. On Dec. 15th Benedict became ill and such medical examiner learned of such illness on that date; this illness necessitated an operation from which Benedict died Dec. 24, 1918. The semi-annual premium was paid at the time of the application, which provided that the policy was to take effect upon the approval of the application while Benedict was "in the same condition of insurability as shown in his application." On Dec. 20, 1918, at the time of the approval of the application by the Insurance Company, Benedict was not in "the same condition of insurability." The plaintiff claimed that even though the home office had no knowledge of such changed condition, the company examiner did have, and that such knowledge was the knowledge of the company. The jury returned a verdict for the plaintiff, which was reversed by the Court of Appeals. In affirming the judgment of the Court of Appeals for the Insurance Company, the Supreme Court held:

1. Knowledge of or notice to an agent is not binding upon his principal unless it appear that such agent had authority to deal in reference to those matters which the knowledge or notice affected, or had a duty to communicate the same to his principal.

2. Where a physician is employed by a life insurance company merely for the purpose of making a medical examination and a report thereof to the company, and has no other duty or authority with reference thereto, subsequent knowledge of such physician with reference to changed physical condition of the applicant examined by him prior to the approval of the application and issuance of the policy, and uncommunicated by him to the company, is not binding upon the company, nor does it constitute a waiver of the provision in the application that such policy shall become effective upon approval at the home office of the company "while the person to be insured is in the same condition of insurability."

Attorneys—Harmon, Colston, Goldsmith & Hoadly and J. L. Kohl, all of Cincinnati, for Myers; Mallon & Vordenberg, Cincinnati, and Vorys, Sater, Seymour & Pease, Columbus, for Insurance Company.

### No. 7

### WALLS v. MITCHELL et al

Ohio Supreme Court
No. 17781. Decided June 12, 1923

465. ERROR—Error cannot be predicated upon requested charge where bill of exceptions fails to show that it was given.

ROBINSON, J.

#### Epitomized Opinion

This was an action by Mitchell et al against Walls to recover an automobile. In 1920 Mitchell employed one McMurray to assist in the sale of automobiles. On one occasion McMurray procured a car representing that he had a prospective buyer in the City of Toledo to whom he wished to exhibit it. McMurray took the car and drove it to the Village of Fayette, which was outside of the plaintiff's territory, and sold it to the defendant for $600 and a Ford automobile. The case was twice tried; the jury in each case returning a verdict for the defendant. The Court of Appeals reversed the judgment rendered upon the first verdict upon the ground that the verdict was manifestly against the weight of the evidence, and reversed the judgment entered upon the second verdict upon the ground that said court erred in giving a special instruction. The record did not disclose that this special request was given, or if given, that there was any exception taken thereto by the plaintiffs. In reversing the judgment of the Court of Appeals, the Supreme Court held:

1. Where a bill of exceptions shows that a special request was made to charge before argument, but does not disclose that the requested charge was given, error cannot be predicated upon such requested charge.

Attorneys—A. L. Gebhard, Bryan, and F. S. & J. M. Ham, Wauseon, for Walls; Paxson & Canfield, Wauseon, and Denman, Kirkbride, Wilson & McCabe, Toledo, for Mitchell et al.