## No. 813
### GLENS FALLS INS. CO. v. HERRICK
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5654.  Decided April 20, 1925
Judges Houck, Shields & Patterson, 5th Dist., sitting.

**647. INSURANCE—Basis for recovery on insurance for automobile is the value of the car at the time of its loss, which cannot be determined by the valuation fixed upon application for insurance.**

**1235. VERDICT—Cannot be returned and entered in law from an inference of fact predicated on another inference.**

HOUCK, J.

E. F. Herrick brought suit against the Glens Falls Insurance Co. in the Cuyahoga Common Pleas to recover on a policy covering loss by

## STATE COURT OF APPEALS—Continued

fire, theft, etc., of an automobile. Herrick pleaded performance of all conditions except the filing of the proof of loss and claimed a waiver of that provision.

The company answered stating the proof of loss was not filed and not waived. It further alleged a claim of breach of warranty on part of Herrick. The Company moved for a directed verdict which motion was overruled. The trial judge, on his own motion however, directed a verdict for Herrick. Error was prosecuted by the company and it was claimed:

1. That there was not a scintalla of evidence that a proof of loss had been filed, or waived by one having authority to act for the company.

2. That no evidence was offered as to the value of the car at the time of the loss.

3. Error in admission of testimony by which company was prejudicially affected.

4. That court erred in directing a verdict for Herrick.

5. That policy was voided because of Herrick's disregard for warranties respecting the condition and cost of automobile at time of purchase.

The Court of Appeals held:

1. It is apparent from the testimony of Herrick himself that proof as to the agent of the Insurance Co. authorized to waive proof of loss is very uncertain and indefinite; and there is an utter failure of proof as to claimed waiver of proof of loss by Herrick.

2. "Knowledge of or notice to an agent is not binding upon his principal unless it appear that such agent had authority to deal in reference to those matters which the knowledge or notice affected, or had a duty to communicate the same to his principal." Myers v. Insurance Co., 108 OS. 175.

3. Herrick's recovery in law, if he be entitled to recover, is based upon the value of the car at the time of its loss. This cannot be determined by the value placed upon it in his application for insurance; but there must be some affirmative proof as to its value at the time the loss occurred.

4. Verdicts and judgments cannot be returned and entered in law from a mere inference of fact predicated on another inference, but it must be predicated by a fact supported by evidence.

5. "Where the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate fact shown by such evidence, then it is the duty of the jury to determine such ultimate fact,

even though the trial judge should himself be convinced as to what the conclusion should be." Hickman v. Ins. Co., 92 OS. 87 at pg. 95. Judgment reversed and case remanded.

Attorneys—Davis, Young & Vrooman for Company; Vickery & Vickery for Herrick; all of Cleveland.