No. 233

FINKELMAN v. ALEX

Ohio Appeals, 1st Dist., Butler Co.

No. 337. Decided Dec. 6, 1926

147. BILLS & NOTES—Purchaser of real estate who endorsed notes "without recourse to me," to seller, cannot be held to guarantee payment of said notes to the seller."

PER CURIAM

This action was brought by Sam Finkleman against Theodore Alex in the Butler Common Pleas to set aside a contract for the sale of real estate, to oust Alex from possession and for damages.

It seems that Alex agreed to purchase certain real estate from Finkleman and the consideration therefor was evidenced by notes signed by Bill Alex and endorsed by the defendant herein, guaranteeing the payment thereof. It is claimed that some of the notes are due and unpaid and that defendant refuses and neglects to pay same; that defendant falsely refuses and neglects to pay same; that defendant falsely represented that the notes were secured by a mortgage on goods and chattels and he the plaintiff relying thereon, entered into the contract; but later it was proven that the notes were not secured by mortgage and that the maker of the notes is insolvent.

Alex claimed that it was agreed that the notes were to be endorsed without recourse and that the plaintiff agreed to accept said notes in full for their cash value, and not to look to the defendant for payment in the event they were not paid by the maker. The Court of Appeals held:

1. The contract as signed by the parties is plain and the notes which were given to Finkleman are endorsed "without recourse to me."

2. The evidence is not sufficient to show that there was a fraud practiced on the plaintiff, nor does the evidence warrant a finding that Theodore Alex, in any way, guaranteed payment of the notes in question.

Judgment for defendant.

(Buchwalter, PJ., and Hamilton & Cushing, JJ., concur.)

Attorneys—Clinton D. Boyd for Finkleman; Henderson Estes for Alex; both of Hamilton.

No. 234

MECHANICS & TRADERS INS. CO. v. CARNEGIE MOTOR SERVICE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6777. Decided Nov. 15, 1926

647. INSURANCE—Withholding the policy from the assured when possession of it is necessary for the preparation of the proof of loss, will estop the company from taking advantage of failure to send them in when assured is required to make proof of loss within 60 days.

First Publication of this Opinion

SULLIVAN, J.

This cause is a proceeding in error to the Cuyahoga Common Pleas from a judgment in favor of Bert and Albert Himmelstein, d. b. a. Carnegie Motor Service against the Mechanics and Traders Insurance Co., on a policy of fire insurance covering certain automobiles partially destroyed by lightning in the Lorain disaster. It is sought to reverse the judgment on the ground that it is against the weight of the evidence.

The main contention is that there is a failure of legal proof authorizing a change in the terms of the policy with respect to the question of waiver, in reference to certain clauses in the policy wherein notice within 60 days after the loss must be given in writing to the company.

The fact appears that one Schempp solicited the insurance for the Motor Co. and after the loss, the Motor Co. notified him orally of their loss and he said he would take care of the matter and that he would take the policy along and get a settlement. Later he notified them that the Insurance Co. intended to send out an adjuster. Still later one Lewis who said he was the adjuster, looked over the wrecked cars and said there would be no doubt of a settlement. Many conversations were had relating to the matter, Schempp always saying the matter was being taken care of, etc.

This went on for some time, till finally he told them he could do nothing and tendered them a check for $100.00, the amount paid for the insurance. Later the check was returned to the Insurance Company and a demand made for the policy which was produced at the trial.

The contention of the Insurance Company is that Schempp, who procured and solicited the insurance, was an agent only to procure the insurance and had no authority to make a waiver of written notice. The Court of Appeals held:

1. "Knowledge of or notice to an agent is not binding upon his principal, unless it appear that such agent had authority to deal in reference to those matters which the knowledge or notice affected, or had a duty to communicate the same to his principal." Myers v. Insurance Co., 108 OS. 175.

2. Because the Insurance Co. had possession of the insurance policy, it follows that the Company had knowledge not only of its surrender by the Motor Company, but of the deprivation by its retention, so that they, the Motor Service, could not conform to the specific terms in respect to notice in writing.

3. Withholding the policy from the assured, when possession of it is necessary for the preparation of the proofs, will estop the company from taking advantage of failure to send them in.

4. The Insurance Co. had sufficient notice of the casualty and is therefore estopped to deny their liability.

Judgment affirmed.

(Levine, PJ., and Vickery, J., concur. )

Attorneys—White, Cannon & Spieth for Insurance Co.; Gordon & Gordon, for Motor Co.; all of Cleveland.