## ADDISON, Tee v. CITIZENS TR. & SAV. BK. et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1596. Decided Feb. 9, 1927.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**851. NOTICE AND KNOWLEDGE—126. Banks and Banking.**
1. Officers of bank who deal exclusively with loans, held not charged with knowledge acquired by officers of such bank who deal exclusively with bond sales.
2. Where bank has, in good faith, made loan to individual, accepting bonds as collateral, notice to bank, given subsequent to making of such loan, that bonds were held by individual as trustee, and were not individually owned, does not affect right of bank to sell such collateral bonds upon maturity and non-payment of note.

Judgment affirmed.

Addison & Crooks, Eugene Carlin and John E. Kennedy, Columbus, for Addison.
J. E. Sater, Columbus, for Cit. Tr. & Sav. Bk. et.

### STATEMENT OF FACTS.

This action was brought by C. M. Addison as trustee against The Citizens Trust & Savings Bank to recover for the value of certain bonds held and converted by the Bank.

The answer sets forth that the bonds were presented to the Bank by William B. Powell, as collateral on a note for a loan and that the bonds were sold by the Bank upon non-payment of the note at maturity and under a power of attorney duly executed to the Bank by Powell. Furthermore, that the bonds were received and accepted by the Bank in good faith and without knowledge of the ownership of the bonds other than that they belonged to William R. Powell individually and not as trustee.

The loan transaction, it appears, was made through a Mr. John Dury, an assistant cashier, who consulted with some of his superior officers who were duly authorized to transact the loan business of the Bank. It is contended,

however, that John A. Kelly, a vice-president of the bank in charge of its Bond Department in the year 1925, and who at that time had sold to Wm. R. Powell, as trustee some $10,000.00 taken at par of Federal Farm Bank Bonds, should, by reason of such sale to Powell as trustee, be charged with notice and liability for the Bank in accepting from Powell, a year or so later, some of these bonds on his personal note.

FERNEDING, J.

"An examination of the evidence discloses that Kelly, in his official capacity, was only called upon to make reports of the bond sales to the Accounting Department and that he had no official connection with, nor was he expected to make any report to the Loan Department, of such sales, and in fact made none. In a financial institution of the size and handling the volume of business as does The Citizens Trust and Savings Bank, it necessarily follows that, in order to expedite the work and insure accuracy of detail everywhere, a multiplicity of departments must be established, each independent of the other and yet all connected under one management.

In the case of Myers v. Insurance Co. 108 OS. 175, discussing the question of notice to an agent being binding on the principal it was held:

'Syl. 1. Knowledge of or notice of an agent is not binding upon his principal unless it appear that such agent had authority to deal in reference to those matters which the knowledge or notice affected, or had a duty to communicate the same to his principal.'

In the case at bar Kelly was the agent of the Bond Department and nothing more. He was Vice President but in such official capacity he had no duties to perform other than the duties of such bond agent.

We are therefore of the opinion it was not incumbent upon John A. Kelly, as Vice President in charge of the Bond Department, to communicate his knowledge of the sale of the bonds to William R. Powell as trustee, to the other officers of the Bank. Counsel for plaintiff in error contend that J. H. Lange, who was the secretary of the Bond Department of the Bank and also connected with the Auditing Department, should have had knowledge of the certification of the bonds, or rather of the sale of these bonds to William R. Powell as trustee. The evidence shows that Lange was not connected with the Loan Department nor was he an officer charged with the duty of making loans. Consequently there was no obligation upon him to communicate his knowledge of bond sales to the Loan Department. The officers who were acting in the Loan Department were John Dury, Robt. H. Schryver, and Walter S. Beebe. All had certain and definite authority over loans and would be empowered, as such, to make loans. None of these three was chargeable with notice of the sale or transfer of the bonds to Wm. R. Powell, as trustee. Consequently when Powell presented the bonds to them as the loan agents, they were not concluded by the records in another department of the Bank evidencing that the Bank had knowledge that such bonds were held by Powell as trustee and not by him individually.

In the court below the defendant bank moved for an instructed verdict. The court was bound to render such verdict upon the knowledge which the defendants had or could have had by considering the transaction in connection with the loan records of the Bank.

The record discloses that Mr. Addison was subsequently appointed by the court as trustee to succeed Wm. R. Powell, and that on Feb. 27, 1926, he, in a written communication, formally notified the defendant bank that the $6,000 of bonds referred to and held by the Bank as collateral on the $5,000 personal loan of W. R. Powell were trust bonds and not individually owned. We think this circumstance does not affect the right of the Bank to sell these collateral bonds upon the maturity and non-payment of the note and under the conditions recited above."

(Kunkle and Allread, JJ., concur.)