PATERAS *v.* STANDARD ACCIDENT INS. CO.

(Decided March 4, 1929.)

*Mr. W. J. Laub,* for plaintiff in error.

*Messrs. Dustin, McKeehan, Merrick, Arter & Stewart,* for defendant in error.

WILLIAMS, J.   This proceeding in error is brought to secure the reversal of a judgment of the court of common pleas, and the parties stand here in the same relative position held in that court.

The plaintiff carried a policy of insurance with the defendant company, by the terms of which plaintiff was insured against loss up to $10,000 for damages on account of bodily injuries sustained by persons not excepted by the policy, by reason of plaintiff's use of a certain automobile.  Judgment in the sum of $2,500 was recovered against the plaintiff by plaintiff's sister, who sustained injury while riding as a guest in plaintiff's automobile during the time that such policy of insurance was in force.  After such judgment was recovered, the plaintiff brought an action in the court below against the defendant to recover the amount of such judgment, and interest, under and by virtue of the terms of said policy of insurance.  Upon trial of said cause in the court below, the trial judge directed a verdict in favor of the defendant at the conclusion of all the evidence.

The evidence discloses that one Victor Goodman was an insurance agent, and that he had desk room in the office of Owen, Crowell, Aurenson & Co., a concern engaged in a general suretyship and insurance business in Cleveland, Ohio.  Goodman had a working arrangement with this concern, evidenced by a written contract, by the terms of which he was to receive a commission for such insurance as he

might write. There is no question that, in writing the policy of insurance in question, Goodman acted as the agent of Owen, Crowell, Aurenson & Co., and there is no question that Owen, Crowell, Aurenson & Co. countersigned the policy of insurance and were the agents of the defendant company in soliciting and procuring the application for said policy of insurance, and in issuing the same. The policy covered a period from August 9, 1923, to August 9, 1924. On or about January 25, 1924, the plaintiff had the automobile accident in which his sister was injured. There is evidence tending to show that within a day or two after this accident plaintiff saw Goodman, that Goodman wrote down a report of the accident and plaintiff signed it, and that thereupon Goodman put the piece of paper so signed in his pocket and said to the plaintiff: "Don't worry, I will take care of it." Goodman, however, never reported the accident to the insurance company, and it had no knowledge thereof until about two years thereafter.

There is nothing in the written contract heretofore referred to, by which Goodman was employed as agent, which gave him authority to do anything more than solicit and write insurance. The following, however, appears in the testimony of Goodman, upon the trial of the cause in April, 1928:

"Q. And you have been in the insurance business how long? A. Since October, 1922.

"Q. And for a whole year you had been in the insurance business soliciting and reporting accidents, and made no mention of this to the company with whom you were employed? A. I had very few accidents in the course of my first year's business.

"Q. Those that you did have, did you report? A.

It has been my custom to report accidents to the company, but that being my first year in the busi, ness I was inexperienced and ignorant of what it meant to have a passenger in the car such as his sister whom I thought would not take legal action, and that is the reason that I never made a report of this accident.

"Q. You knew he was your policy holder, didn't you? A. Yes.

"Q. You solicited him and sold him that insurance, didn't you? A. Yes.

"Q. He had called upon your office, and you responded, to make a report of this accident? A. Yes.

"Q. And you now tell this jury that, notwithstanding those facts, you did not report that accident to your company? A. I do."

There is no other evidence in the record bearing upon the authority of the agent Goodman to receive notice of accidents.

Under the circumstances disclosed by the evidence, the plaintiff claims that Goodman was at the time notice of the accident was given to him the duly authorized agent of the defendant company. The policy of insurance contains the following provision:

"This insurance is subject to the following conditions:

"(f) The assured, upon the occurrence of an accident, shall give immediate written notice thereof with the fullest information obtainable, to the company at its home office, Detroit, Michigan, or its duly authorized agent."

Section 9586, General Code, provides as follows:

"A person who solicits insurance and procures the application therefor, shall be held to be the

agent of the party, company or association, thereafter issuing a policy upon such application or a renewal thereof, anything in the application or policy to the contrary notwithstanding.''

Plaintiff relies upon this section, but we think a proper construction of it is simply that the person who solicits insurance and procures the application is the agent of the insurance company for the purpose of such solicitation and procuration. *Mechanics & Traders Ins. Co.* v. *Himmelstein,* 24 Ohio App., 29, 155 N. E., 806; *Royal Ins. Co.* v. *Silberman,* 24 C. C. (N. S.), 511, 34 C. D., 737.

Notice to an agent is not binding upon his principal unless such agent had authority to deal with those matters which the notice affected, or had a duty to communicate the same to his principal. *Myers* v. *John Hancock Mutual Life Ins. Co.,* 108 Ohio St., 175, 140 N. E., 504.

In other words, an insurance agent authorized to procure and deliver a policy of insurance has no authority to receive notice of an accident under such a policy of insurance, unless such authority is given to him by the insurance company, either expressly or impliedly. It is contended, however, that the evidence that Goodman had reported some accidents to the defendant company would warrant the jury in drawing the inference that he had authority to receive the notice in question on behalf of the company. The testimony of Goodman, above quoted, however, fails to show that he had made such reports prior to the time of receiving the report from plaintiff, and fails to show that, if he sent in such reports, he did it as agent of the defendant company, and fails to show that the defendant company

had any knowledge that he was assuming to act as its agent in reporting accidents. In the opinion in *Myers* v. *Insurance Company, supra,* the court cites with approval the following quotation from 2 Mechem on Agency (2d Ed.), Section 1834:

"If the theory upon which notice is to be imputed be the legal identity of the principal with the agent, then the person to whom the notice comes must be such a person and acting in such a capacity that it may fairly be said that, for the time being, he is the principal. If the true theory be that the agent owes a duty to communicate, then the person to whom the notice comes must be such a one and acting in such a capacity that it may fairly be said that the principal looks to him for information concerning the subject-matter; that he is the person to whom information is likely to come, and whose duty it would be to communicate it."

It is conceded that Goodman had no express authority to receive notice of an accident on behalf of the defendant company, and there is no evidence tending to show any such implied authority. The verdict was therefore properly directed for defendant.

For the reasons given, the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

RICHARDS, J., concurs.

Judges WILLIAMS and RICHARDS, of the Sixth Appellate District, sitting in place of Judges VICKERY, LEVINE and SULLIVAN, of the Eighth Appellate District.