## PATERAS v STANDARD ACCIDENT INS CO.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9288. Decided March 4, 1929

W J Lamb, Esq., for Pateras.
Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Coach Co.

Judges RICHARDS and WILLIAMS of the 6th Dist, sitting

**WILLIAMS, J.**

There is nothing in the written contract heretofore referred to by which Goodman was employed as agent, which gave him authority to do anything more than solicit and write insurance.

Plaintiff relies upon 9586 GC, but we think a proper construction of it is simply that the person who solicits insurance and procures the application is the agent of the inurance company for the purpose of such solicitation and procuration.

Mechanic's and Traders' Insurance Co. vs. Himmelstein, et al, 155 N. E. 806; 24 Ohio App. 29; Royal Insurance Co. vs. Silberman, 24 C. C. N. S. 511.

Notice to an agent is not binding upon his principal unless such agent had authority to deal with those matters which the notice affected or had a duty to communicate the same to his principal. Myers vs. Insurance Co., 108 Ohio St. 175.

In other words, an insurance agent, authorized to procure and deliver a policy of insurance, has no authority to receive notice of an accident under such a policy of insurance, unless such authority is given to him by the insurance company, either expressly or impliedly. It is contended, however, that the evidence that Goodman had reported some accidents to the defendant company would warrant the jury in drawing the inference that he had authority to receive the notice in question on behalf of the company. The testimony of Goodman, however, fails to show that he had made such reports prior to the time of receiving the report from plaintiff and fails to show that if he sent in such reports he did it as agent of the defendant company, and fails to show that the defendant company had any knowledge that he was assuming to act as its agent in reporting accidents.

It is conceded that Goodman had no express authority to receive notice of an accident on behalf of the defendant company, and there is no evidence tending to show any such implied authority. The verdict was, therefore, properly directed for defendant.

For the reasons given the judgment of the court of common pleas will be affirmed.

Richards, J, concurs; Lloyd J, not participating.