## MUTUAL LIFE INSURANCE CO OF BALTIMORE v CONNELL

Ohio Appeals, 2nd Dist, Franklin Co

No 2085. Decided Oct 22, 1931

Messrs. Vorys, Sater, Seymour & Pease, Columbus, for plaintiff in error.

Ernest A. Grabiel, Columbus, for defendant in error.

HORNBECK, J.

The record, though contraverted, supports the conclusion that the soliciting agent of the company knew at the time that the application was prepared that James Connell had been in the hospital afflicted with diabetes and that he secured this information while acting as an agent for the company in the solicitation of the insurance in question, and that there was no collusion between the planitiff and the agents of the company.

The court gave at the request of counsel for the plaintiff two special charges before argument.

"No. 1. I charge you as a matter of law, that where an agent solicits and procures risks and applications for an insurance company, and where such agent fills up the application, he is in so doing, the agent of the Insurance Company, and not of the insured or of the one making application for the insurance, and if the agent makes a mistake in preparing the application and stating the facts in it, the insurance company is bound by it and is responsible for such mistake. If you find that plaintiff gave true answers and full information to the agent, then you will disregard the written

application and your finding should be for the plaintiff.

"No. 2. I charge you that as a matter of law, an insurance company, whose agent acting for it, was told that insured had been afflicted with diabetes and had been treated for said disease in a hospital, can not be allowed to refuse payment of the policy of insurance on the ground that the insured was not in sound health when the policy was issued.

"If you find that the agent Colflesh, acting for and on behalf of the defendant company, was told of the fact that James E. Connell had been afflicted with diabetes and that he had been treated for said disease in a hospital, then your verdict should be for the plaintiff."

Defendant moved for a directed verdict at the conclusion of plaintiff's case and again at the conclusion of the whole case. It is urged that the court erred in refusing these motions, in refusing to admit certain testimony and in giving the special charges Numbers 1 and 2 heretofore set forth.

Upon the application, the policy as issued and the evidence, two questions are presented: First: Did the company by the acts of its agents Colflesh and Babcock waive material misrepresentations of fact respecting the condition of health of James Connell at the time of and prior to the date of the execution of the application?

Second: If such waiver was made, did it extend to and render invalid that clause in the insurance policy which provides,

"This policy is void until the same is actually delivered to the insured in person while in sound health, * * *."

We are of opinion that the scope of authority of the agent of the defendant company was clearly broad enough to support a waiver of the improper and incorrect answers in the application respecting the state of health of the applicant. Such a determination is within the law enunciated in the first proposition of the syllabus of **John Hancock Life Insurance Company v Luzio, 123 Oh St, 32:**

"Under the provisions of §9407, GC, a soliciting agent of a life insurance company becomes the representative of the company only in respect to the particular branch of the business entrusted to him as such agent. His duties consist of soliciting applicants for insurance and reporting to the principal the information which he acquires."

The agent while acting as solicitor for the insurance policy under consideration secured information respecting the applicant which was contrary to the answers placed in the application. In failing to report to the company the facts as he knew them, he was representing the company and not the insured nor the plaintiff, and the company and not the insured should be bound by his acts.

However, this is but one proposition which it is necessary to find established by the record in order to sustain the judgment of the trial court. It is further necessary to find that the action of the soliciting agent bound the company to a waiver of the express provisions in the insurance contract, that it would be void until the same is actually delivered to the insured while he is in sound health. This the record does not support under the law.

Without respect to the decisions of our Supreme Court heretofore, and authorities elsewhere, we are bound by its last pronouncement in the Luzio case, supra, which was announced since the trial of this case, and particularly the first and fourth propositions of the syllabus:

No. 1. (Heretofore quoted).

"No. 4. In the absence of statutory definition the term 'Agent', employed in §9391, GC, should be given its legal meaning, as being one who is acting within the scope of his authority in the business entrusted to him by his principal. One who is employed as soliciting agent, whose sole authority is to solicit insurance and to report to his principal the information which the applicant has given him cannot, without proof of authority so to do, waive a condition in the policy providing that it shall not take effect unless the insured be alive and in sound health at the date of the policy."

The opinion of Judge Jones leaves little doubt of the scope of the syllabus. At page 628, after quoting from **Myers v John Hancock Mutual Life Insurance Company, 108 Oh St 175:**

"What was said in the Myers case, supra, may be applied to this case. Cugliari was only a soliciting agent. There was no proof that he had any other authority—none to waive material conditions in the policy he sold."

At page 630:

"The policy contained a proviso that it should not take effect unless the insured 'shall be alive and in sound health.' Had the insured not been alive, and had the

agent known it, can it be claimed that the agent's knowledge would make the company liable? Under the terms of the policies, life and sound health must both subsist before the policies take effect."

We therefore say that the judgment of the trial court was erroneous. That the motion for a directed verdict at the conclusion of all the testimony should have been sustained; that plaintiff's special instructions Numbers 1 and 2 should not have been given.

The judgment will therefore be reversed and final judgment entered for the defendant.

ALLREAD, PJ, and KUNKLE, J, concur.

HORNBECK, J.

The court in its opinion in this case was in error in assuming that the trial court gave special charges Numbers 1 and 2 before argument, and therefore its judgment respecting such charges was not warranted. However, in view of the fact that the cause was decided upon the principal question of the effect of the claimed waiver of an express provision of the policy the decision respecting the special charges was not determinative and therefore harmless to defendant in error. The decision will be corrected in accordance with this supplemental opinion and all reference to the special charges may be stricken therefrom.

ALLREAD, PJ, and KUNKLE, J, concur.

BY THE COURT

Submitted on application of defendant in error for re-hearing.

The application is based upon an interpretation of the Luzio case, **120 Oh St, 32,** as it relates to the policy in question. We have held that this case under the facts and the record is controlling to support our judgment of reversal. If we are in error in so construing this case, it should be corrected by the Supreme Court. The application for re-hearing will therefore be denied.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.