## MASSACHUSETTS FIRE & MARINE INS. CO. v. SCHMICK.

### No. 9310.

Circuit Court of Appeals, Eighth Circuit.

April 22, 1932.

Bailey & Voorhees, and M. T. Woods, Jr., all of Sioux Falls, S. D., and Thomas & Thomas and Dudley D. Thomas, Jr., all of Carrollton, Mo., for appellant.

Tom Kirby, of Sioux Falls, S. D., and George M. Harrington, and M. F. Harrington, both of O'Neill, Neb., for appellee.

Before STONE and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from an order of the District Court of South Dakota dated May 16, 1931, modifying an order and judgment theretofore entered in said court on the 3rd of September, 1930. Both of said orders were entered at the same term of court.

The short facts are substantially as follows: Action was brought by Schmick against the insurance company on a policy of hail insurance in the circuit court of the Eleventh judicial circuit of South Dakota; and thereafter was duly removed to the federal court. An answer was interposed setting up several defenses, but asking no affirmative relief. The case was on the calendar of the September, 1930, term of court for trial at Deadwood, S. D. At the call

of the calendar on September 2, 1930, attorneys for the plaintiff and attorneys for the defendant were both present; and announced that they would be ready for trial the next morning. However, when the case was called for trial the next morning, there was no appearance for the plaintiff either in person or by attorney. Defendant offered to submit evidence and proceed with the trial. The court, being of the opinion that this was unnecessary, on motion of counsel for defendant, entered an order on September 3, 1930, dismissing the case on the merits with costs to defendant. Judgment was entered accordingly on the same day.

A motion was filed January 26, 1931, by the plaintiff for an order setting aside the order of dismissal with prejudice, entered on September 3, 1930, and allowing plaintiff to dismiss the action without prejudice at plaintiff's costs. In support of this motion affidavits were introduced to the effect that the plaintiff had instructed his attorneys, including the attorney who appeared at the call of the calendar in the federal court, to dismiss the case without prejudice, inasmuch as plaintiff had brought action in the state court of Nebraska on the same cause of action. The motion papers further set up that plaintiff had instructed another of his attorneys to the same effect, and that motion papers with a form of order had been sent to such attorney at Sioux Falls, S. D., for the purpose of having the dismissal without prejudice made. It was further set up in said motion papers that said attorney appeared before Judge Elliott at Sioux Falls, but was advised that the papers in the case had all been sent to Deadwood, and was further advised to send his motion papers there. The attorney did so, but received word from Judge Wyman that the case had been already dismissed.

In response to this motion to set aside the order of September 3, 1930, the defendant filed a motion March 2, 1931, to strike from the files the motion of the plaintiff. This motion of defendant to strike was accompanied by various affidavits and correspondence setting up, among other matters, that the attorneys for the plaintiff had concealed from the defendant any intention to dismiss the case, but had continued to act as attorneys in the case in various matters as late as the 14th of August, 1930.

A hearing was had on these two motions, and evidence was taken.

On the 16th of May, 1931, the trial court filed an order denying defendant's motion to strike from the files plaintiff's motion; and modifying the judgment of September 3, 1930, in the following language:

"The above entitled matter having come on for hearing before the court during the September, 1930, term of said court upon the application of the plaintiff asking that the judgment entered by the court at this term, and on the 3rd day of September, 1930, be modified by striking therefrom the words, 'upon its merits with costs,' plaintiff appearing by Tom Kirby and M. F. Harrington, and the defendant appearing by M. T. Woods, and Thomas & Thomas, and the court being fully advised in the premises and good cause therefore appearing,

"It Is Ordered, that the judgment heretofore entered on the 3rd day of September, 1930, in the above entitled action, and during the present September, 1930, term of this court, be and the same is hereby modified by striking therefrom the words, 'upon its merits,' it being the judgment of the court that the above entitled action be dismissed without prejudice."

It is from this order of May 16, 1931, that the present appeal is taken.

Appellee has filed a motion that the appeal be dismissed by this court.

Six grounds are mentioned which may be summed up in the statement that the entry by the court of the second order at the same term was within the court's power; and, as the order left standing no judgment on the merits, there was nothing from which to appeal.

The first part of the statement may be conceded to be correct. The second part is, we think, palpably erroneous.

The order of May 16, 1931, from which the appeal was taken, made final disposition of the case in the court below. Defendant had a right to complain of the order because it affected a substantial right of defendant. Before the order was entered, defendant had a judgment against plaintiff on the merits of the case. After the order was entered, it had no such judgment. There was simply a judgment of dismissal without prejudice.

The question of what constitutes a final appealable order was exhaustively discussed by Judge Stone of this court in the case of Rector v. United States, 20 F.(2d) 845. Even with reference to orders which did not dispose of the case pending in court, it was said [page 872 of 20 F.(2d)]: "It is certain that an order is final and appealable if it is of a character which set-

tles substantial rights; which makes no reservation as to its effect; which is designed to be operative in a way affecting such rights at once or before or irrespective of the final decree in the main litigation."

A fortiori would the conclusions stated be true of an order which did dispose of a pending case.

■ Furthermore, the judgment of September 3, 1930, became in effect by virtue of the order of May 16, 1931, a judgment of nonsuit. By the repeated rulings ·of this court, a judgment of nonsuit is final and appealable. Connecticut Fire Ins. Co. v. Manning (C. C. A.) 177 F. 893; Chicago M. & St. P. Ry. Co. v. Metalstaff (C. C. A.) 101 F. 769; see, also, Central Transportation Co. v. Pullman's Palace-Car Co., 139 U. S. 24, 11 S. Ct. 478, 35 L. Ed. 55; Southern Pac. Co. v. Kelley, 187 F. 937 (C. C. A. 7); Worthington v. McGough, 192 F. 512 (C. C. A. 6).

Our conclusion is that the motion to dismiss the appeal should be denied.

■ Turning to the merits of the order appealed from, it is well established that the authority of the court to set aside or modify its own judgments continues during the judgment term. The motion to modify was made during the judgment term.

Whether this authority of the court is such that it may set aside or modify a judgment arbitrarily and without ground need not be considered.

■■ In this case there was evidence furnishing ample grounds for the action of the trial court in modifying the judgment. There was substantial evidence of a misunderstanding between the plaintiff and certain of his counsel as to the disposal of the case at the September, 1930, term of court at Deadwood. The result was a dismissal on the merits in the absence of counsel for plaintiff. Other counsel for plaintiff were too late in presenting a motion for dismissal without prejudice. When the real facts were shown, the court had ample grounds for modifying the judgment, and did so. Counsel for appellant, in their brief, argue at length that the court had power to enter the judgment of September 3, 1930, of dismissal on the merits. It does not seem to be necessary to go into this question. Conceding, but without deciding, that the court did have such power under section 2495 of the South Dakota Revised Code 1919, read in connection with the Conformity Act (28 USCA § 724), yet such power did not preclude a modification of the judgment by the court during the judgment term.

It is true that the trial judge, in a letter written some time prior to the entry of the order appealed from, expressed the opinion that the judgment of September 3, 1930, dismissing the case on the merits, was in excess of the authority of the court. But such expression of opinion is of no controlling force here.

The order of May 16, 1931, does not itself recite that it was made upon the ground that the order and judgment of September 3, 1930, were entered in excess of the court's authority.

Appellant is apparently faced with a dilemma; if the judgment of September 3rd was entered in excess of the court's authority, the court certainly had power to modify it; and if, as entered, it was within the court's authority, there still were sufficient grounds shown in the record for making the order of modification.

In either event, therefore, we think the order of modification was right. The motion to dismiss the appeal is denied. The order appealed from is affirmed.