### PETERS v. MUTUAL LIFE INS. CO. OF NEW YORK.

No. 3697.

District Court, M. D. Pennsylvania.
Dec. 9, 1936.

George W. Ellis, of Scranton, Pa., and John H. Diefenderfer, of Allentown, Pa., for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

WATSON, District Judge.

This is a petition to open the judgment entered in favor of the defendant and to allow the plaintiff to file an amended statement of claim.

The first statement of claim in this case was filed February 21, 1935. That statement was found by the court to be insufficient in law, and plaintiff was allowed and did file an amended statement. An affidavit of defense to the merits of that statement was filed by defendant, and the case was placed on the trial list. Before the case was called for trial, plaintiff asked leave to amend his amended statement of claim. This was allowed over defendant's objection. The second amended statement was stricken off by the court, and plaintiff was allowed to file a third amended statement. Defendant filed an affidavit of defense rais-ing questions of law to this third amended statement, and the court in an opinion filed June 23, 1936, found the third amended statement insufficient in law and entered judgment in favor of the defendant. Subsequently, the plaintiff petitioned the court to open the judgment and to allow him to amend his statement of claim for the fourth time. After answer filed by the defendant, plaintiff was allowed to amend his petition to open the judgment. This final petition, which is designated "Supplemental Petition to Petition to reopen and amend Statement of Claim," is now before the court for disposition.

To plaintiff's petition is attached a proposed statement of claim designated "Second Supplemental Statement of Claim," which plaintiff contends is sufficient in law.

■ The opening of a judgment rests within the court's discretion, to be exercised in conformity with law, reason, and justice, but cautiously and discreetly. 5 Cyclopedia of Federal Procedure, § 1523. This power is inherent in the court, and is not affected by statutes regulating practice in the state courts. Southern Pacific Co. v. Kelley (C.C.A.) 187 F. 937.

■ It is clear that the judgment against the plaintiff and in favor of the defendant should not be opened unless the court is satisfied that plaintiff has shown that he is able to state a cause of action. Therefore the first question to be decided is whether plaintiff's proposed statement of claim states a cause of action.

The suit was to recover monthly disability benefits under the terms of a policy of life insurance issued to the plaintiff by the defendant October 19, 1928. It is alleged in the statement of claim that the policy was in force until November 18, 1931.

The policy of insurance provides:

"Benefits in Event of Total and Permanent Disability before Age 60."

"When Benefits become Effective.—If, before attaining the age of sixty years and while no premium on this Policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the Insured so long as such disability continues."

"Supplementary Benefits to Section Entitled 'Benefits in Event of Total and Permanent Disability before Age 60.'—Benefits if Premium in Default not over Six

Months.—If, not later than six months after the due date of the premium in default and provided no previously due premium is also in default, due proof is received by the Company before the Insured shall have attained the age of sixty years that the Insured was totally and permanently disabled, as defined in the section entitled 'Benefits in Event of Total and Permanent Disability before Age 60,' at the date when such premium in default fell due, and has been continuously so disabled since said due date, the Policy will be reinstated without evidence of insurability and the waiver of premium and disability income benefits shall be the same as if such default had not occurred."

It will be noted that, whether the insured claims to have become totally and permanently disabled prior to the lapse of the policy or within six months after lapse, he must furnish "due proof" of his disability to the company.

Plaintiff's proposed statement of claim contains the following allegations concerning the furnishing of due proof:

"That the Plaintiff on or about October 9th, 1931, and again on or about November 10th, 1931, said date being within the thirty-one (31) days grace period of the premium due October 18th, 1931, as provided for in said policy, furnished the defendant with due proof of said disability; orally notified the defendant through its district manager, Stanley VanVliet, at its office at Stroudsburg, Monroe County, Pennsylvania, that he was totally and permanently disabled as defined in the said policy of insurance, as of September 13th, 1931 that he was so disabled from about September 13th, 1931, on down to the present time, that this disability existed on October 18th, 1931, that he has been continuously so disabled since said October 18th, 1931, and that this disability was due to a diseased condition of his heart causing an impairment of his body which continuously rendered and still does render it impossible for the insured to follow a gainful occupation, and that such disability was the result of conditions which rendered it reasonably certain that the same would continue during the remaining lifetime of the plaintiff. and that he claimed and was demanding payment of the monthly payments of $100.00 per month as provided in said policy, and further, that on the above mentioned dates, the said defendant, through the said Stanley VanVliet, District Manager, was orally requested to furnish blank forms of proof of disability, but the defendant had at all times failed to supply the same."

"That after thirty-one (31) days from October 18th, 1931, and within six months of the said October 18th, 1931, at divers times within the six months period from October 18th, 1931, the plaintiff furnished the defendant with due proof of said disability; orally notified the defendant through its district manager, Stanley Van-Vliet, at its office at Stroudsburg, Monroe County, Pennsylvania, and also at the main office of said defendant in the Chamber of Commerce Building, Scranton, Lackawanna County, Pennsylvania, through the officer in charge, name unknown, at said Scranton office that he was totally and permanently disabled as defined in said policy of insurance and had been so since September 13th, 1931, that he was so disabled on October 18th, 1931, and has been continuously so disabled since said October 18th, 1931, and that his disability was due to a diseased condition of his heart causing an impairment of his body which disability continuously rendered and still does render it impossible for the plaintiff, the insured, to follow a gainful occupation, and that such disability was the result of conditions which rendered it reasonably certain that the same would continue during the remaining lifetime of the plaintiff, the insured, and that the plaintiff claimed and was demanding payment of the defendant the payment of the monthly installments of $100.00 per month, as provided for in said policy, and further that the plaintiff on the above mentioned times requested the said defendant through the said district manager, Stanley VanVliet, and the officer in charge of the Scranton Office, name unknown, for blank forms for proof of disability, but the defendant has failed at all times to supply the same."

Did plaintiff, assuming these allegations to be true, furnish to the company due proof that he was totally and permanently disabled?

 "Due proof" requires such a statement of facts, reasonably verified, as, if established, would prima facie require payment of the claim. Its sufficiency should be tested by the court in accordance with the rules of evidence. Bagnall v. Travelers' Insurance Co., 111 Cal.App. 714, 296 P. 106; 7 Couch on Insurance, § 1540. The proof should be ample to enable the company to consider its rights and liabilities. 33 Cor-

pus Juris, p. 17, § 665. In the present case, the only proofs so called submitted by the plaintiff were his own unverified statements that he was suffering from a diseased condition of the heart which caused him to be totally and permanently disabled. He submitted no doctor's certificates, nor did he make any offer to do so. Obviously, a layman is not competent to give an opinion as to the condition of his heart and as to the effect of that condition upon his ability to follow continuously a gainful occupation. His oral statement might serve as notice of his claim, but more is required by "due proof."

A further objection to the proposed statement is that it does not allege that plaintiff's proofs were furnished to the company, as required by the terms of the policy. Plaintiff alleges that he furnished due proof of his disability to the company's district manager at its office in Stroudsburg, Pa., and to the officer in charge, name unknown, of its "main office" at Scranton, Pa. But in the second paragraph of his statement plaintiff alleges that defendant's principal office is in New York City, N. Y. The latter being true, the company's main or principal office was not in Scranton, Pa. It is not alleged that the manager or officer in charge had authority to receive proofs of disability on behalf of the company. So far as the statement shows, the persons orally notified by the plaintiff were not more than soliciting agents of the defendant company. Insurance agents authorized to procure and deliver policies of insurance have no implied authority to receive notice or proofs of loss. Pateras v. Standard Accident Ins. Co., 37 Ohio App. 383, 174 N.E. 620, 2 Couch on Insurance, p. 1713, § 547a.

Plaintiff contends that this case is controlled by the case of Amrovcik v. Metropolitan Life Insurance Co., 119 Pa.Super. 176, 180 A. 727. The decision in that case was that the terms of the policy requiring due proof of disability from the insured were waived by the action of a district manager who unquestionably had authority to waive it for the company. It did not hold that that which was said to the district manager by the wife and daughter of the insured as to the insured's disability amounted to "due proof," nor did it hold that a requirement in a policy that due proof of disability be furnished to the company by the insured is complied with when proof is furnished to a district manager of the company. The present case presents an entirely different question and is in no way controlled by the Amrovcik Case.

Now, December 9, 1936, plaintiff's petitions are dismissed, and the rules to show cause granted thereon are discharged.