## ACACIA MUTUAL LIFE INS CO v KOCH

Ohio Appeals, 1st Dist, Hamilton Co

No 5163. Decided Feb 8, 1937

Maxwell & Ramsey, Cincinnati, and J. L. Head, Cincinnati, for appellee.

John W. Cowell, Cincinnati, for appellant.

### OPINION

By ROSS, J.

Appeal on questions of law from the

Court of Common Pleas of Hamilton County, Ohio.

The action was instituted by the appellee to cancel a policy of life insurance because of fraud in the application therefor.

The appellant's decedent had a policy upon his life with appellee, and was induced to increase the same and take out the policy under consideration. He was advised that it was a policy not requiring a medical examination.

In answering the questions contained in the application for such policy, however, he stated that he had in the past suffered from tuberculosis. He was then told it would be necessary for him to take a medical examination, which he did. In the answers to questions in the re-application, he again mentioned his tubercular history, but failed to disclose any other experience requiring medical treatment. The fact is that he had for some time previous to the making of the re-application been afflicted with a tumor in his right side, and had taken some eleven X-Ray treatments therefor under directions of a physician. These had some beneficial effect. He died a few months later from uraemic poisoning, produced by an attack of influenza. His death was in no way caused by the tumor, except in so far as its presence might have had a weakening effect upon him.

The trial court rendered judgment in favor of the company, cancelling the policy.

We consider this judgment correct if for no other reason than that the applicant was not in sound health at the time he received the policy, and must have so known, and this fact was unknown to the appellee or its agents.

The decedent signed the following statement in his application just above his signature:

"I hereby agree, on behalf of myself and of any person who shall have or claim any interest in any policy issued on this application, as follows:

"That all the statements contained herein are full, complete and true and are offered to the Association as a consideration for the policy of insurance that may be issued in pursuance thereof; that said policy of insurance shall not take effect until the first payment required thereon is paid and this application has been approved by the Association during my life and continuance in good health."

Such being the facts, by this agreement the policy never took effect, and the ac-

tion having been commenced to cancel it within the period of contestability, this defect is available to the Company.

We gravely question whether or not under the provisions of §9391, GC, the failure to mention the X-Ray treatments was material, and we refrain from expressing any conclusion thereon.

The decedent, not being in sound health at the time the policy was applied for or delivered, he may not recover thereon, and the company is entitled to cancellation. 22 Ohio Jur., 328. **John Hancock Mutual Life Ins. Co. v Luzio, 123 Oh St 616. Mutual Life Ins. Co. of Baltimore v Connell, 43 Oh Ap 415, (12 Abs 203).**

The judgment is affirmed.

TATGENHORST, PJ, and HAMILTON, J, concur.