OPINION

WEIS, Circuit Judge.
Defendants appeal from the District Court’s order excluding the testimony of two expert witnesses and granting summary judgment to plaintiff on certain of the defendants’ counterclaims. We find that the testimony was properly excluded and that defendants were unable to prove their counterclaims in the absence of that testimony. Accordingly, we will affirm.
I.
Because we write only for the parties, we need not recite in detail the facts or complex procedural history of this matter. It is sufficient to note that, after several years of an apparently antagonistic relationship, Mercedes-Benz USA, Inc., terminated its dealership agreement with Coast Automotive Group, Ltd., and filed this lawsuit, seeking injunctive relief and damages. Coast countersued, claiming, inter alia, that Mercedes had implemented a “price-fixing” scheme and that, in retaliation for Coast’s refusal to adhere to the scheme, had reduced the number of vehicles allocated to Coast for sale. Coast alleged *334 damages in the form of lost profits and a reduction in the value of the franchise.
At the close of discovery, Mercedes moved to exclude the opinions and testimony of Coast’s expert witnesses on damages. Simultaneously, Mercedes moved for summary judgment on Coast’s counterclaims, contending that, in the absence of these experts’ opinions, Coast had no evidence of damages and, therefore, the counterclaims should not proceed to trial.
The District Court found the proffered expert opinions unreliable, excluded the testimony, and thereafter granted summary judgment to Mercedes on its counterclaims. Coast timely appealed.[1]
II.
A district court’s ruling as to the admissibility of evidence is reviewed under an abuse of discretion standard. General Elec. Co. v. Joiner, 522 U.S. 136, 142-43, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). Under Federal Rule of Evidence 702, expert testimony must be both reliable and relevant to be admitted. A reliable opinion is “based on ‘the methods and procedures of science’ rather than on ‘subjective belief or unsupported speculation.’ ” In re Paoli R.R. Yard, PCB Litig., 35 F.3d 717, 742 (3d Cir.1994) (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). To be relevant, an opinion must actually “assist the trier of fact.” Id. at 742-43 (citing Fed.R.Evid. 702) (requiring “connection” or “fit” between proffered testimony and “particular disputed factual issues in the case”) (citing United States v. Downing, 753 F.2d 1224, 1237 (3d Cir. 1985)). The District Court acts as a “gatekeeper,” preventing opinion testimony that does not meet these requirements from reaching the jury. Daubert, 509 U.S. at 592-95, 113 S.Ct. 2786.
After a thorough review of expert Markovitz’s report and deposition testimony, the District Court agreed with Mercedes that Markovitz “made no computations of automobile allocations based on Coast’s actual sales and in fact did not look at any of the circumstances surrounding Coast’s operation to make an assessment of what constituted a reasonable allocation.” Rather, he accepted without question the assertion of Coast’s owner-operator, Tamim Shansab, that Coast’s vehicle allocations from 1995 through 1999 were unfair.
Given Markovitz’s failure to independently verify Shansab’s claims of unfair allocation or analyze Mercedes’ allocation procedures, particularly where the facts belied the expert’s conclusions, the District Court did not abuse its discretion in determining that Markovitz’s opinion was unreliable for purposes of Rule 702. See, e.g., Oddi v. Ford Motor Co., 234 F.3d 136, 156 (3d Cir.2000) (“Daubert ... require[s] more than [a] haphazard, intuitive inquiry”); Elcock v. Kmart Corp., 233 F.3d 734, 755 (3d Cir.2000) (expert opinion not grounded in facts of case is a “castle made of sand”) (citing Benjamin v. Peter’s Farm Condo. Owners Ass’n, 820 F.2d 640 (3d Cir.1987)); In re Paoli R.R. Yard PCB Litig., 35 F.3d at 762 (expert testimony based solely upon plaintiffs unverified self-report of injury was properly excluded).
Nor do we find an abuse of discretion in the Court’s exclusion of expert Del Roceili’s report, which purported to calculate the value of Coast’s franchise at the time of its termination absent the supposedly *335 unfair vehicle allocation. As the District Court correctly noted, Del Roccili’s opinions were based on the projected profits set forth in Markovitz’s report and, as such, were equally unreliable. See id. at 748 (where underlying data lack “probative force and reliability ... [an] opinion ... rest[ing] entirely upon them must be excluded”) (citing In re “Agent Orange” Prod. Liab. Litig., 611 F.Supp. 1228, 1245 (E.D.N.Y.1985)).[2]
III.
Coast argues that the District Court erred in granting summary judgment because the excluded expert testimony sought only to establish the amount of damages — not an element of antitrust liability — as opposed to the the fact that damages had been incurred. We exercise plenary review over this question. See Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir.2001).
In order to succeed on an antitrust claim, a plaintiff “must prove an antitrust violation, fact of damage or injury, and measurable damages.” Danny Kresky Enters. Corp. v. Magid, 716 F.2d 206, 209 (3d Cir.1983); see also Van Dyk Research Corp. v. Xerox Corp., 631 F.2d 251, 255 (3d Cir.1980) (“plaintiff has the burden of proving that the established illegality was a material cause of the injury”).
Coast’s naked contention that Mercedes’ allocation method was unfair and resulted in reduced profits falls well short of the nexus required by the Clayton Act and relevant case law. See, e.g., Van Dyk, 631 F.2d at 255-56 (plaintiff that failed to establish causal relationship between its financial difficulties and defendant’s alleged antitrust violations did not prove fact of injury due to claimed violations). Accordingly, we hold that the District Court correctly concluded that Coast failed to demonstrate the “fact of injury.” The grant of summary judgment, therefore, was proper.
The order of the District Court will be affirmed.

. The District Court had jurisdiction over this case under 28 U.S.C. §§ 1331 and 1337(a). We have jurisdiction to review the District Court’s final judgment pursuant to 28 U.S.C. § 1291.

. Coast apparently argues that, because Mercedes failed to introduce expert testimony contradicting that of Markovitz and Del Roccili, Mercedes’ Daubert challenge must fail. This argument misses the mark. As the party proffering expert testimony, Coast bore the burden of demonstrating that the testimony satisfied the requirements of Rule 702. See Daubert v. Merrell Dow Pharm., Inc., 43 F.3d 1311, 1316 (9th Cir.1995).