**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3699
_____

JACOB'S LIMOUSINE TRANSPORTATION, INC.,
                                                    Appellant
v.

CITY OF NEWARK; CITY CLERK OF THE CITY OF NEWARK,
in his official capacity; TAXICAB AND LIMOUSINE COMMISSION
OF THE CITY OF NEWARK; TAXICAB DIVISION OF THE CITY OF NEWARK;
MANAGER OF THE CITY OF NEWARK, in his official capacity
_____

On Appeal from the District Court
for the District of New Jersey
(District Court No.: 2-09-cv-06331)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted under Third Circuit LAR 34.1(a)
on April 25, 2017

Before: SMITH, *Chief Judge*, McKEE, AND RENDELL, *Circuit Judges*

(Opinion filed: May 2, 2017)

_____

O P I N I O N*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL,** <u>Circuit Judge</u>:

Appellant Jacob's Limousine Transportation, Inc. ("Jacob's Limo") sued the City of Newark (the "City") in 2009, alleging that the City selectively enforced various municipal licensing and zoning ordinances that all autocab companies in Newark, including Jacob's Limo, are required to follow. The parties ultimately settled in 2011. In 2012, Jacob's Limo filed a motion to enforce the Settlement Agreement. Magistrate Judge Wettre issued a Report and Recommendation ("R&R") to deny the motion, and the District Court adopted the R&R in full. Jacob's Limo timely appealed. For the following reasons, we will affirm.

The factual and procedural background is known to the parties, and we will not repeat it. We review the District Court's factual findings for clear error. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). We have plenary review over the District Court's application of law to facts. *Holmes v. Millcreek Tp. Sch. Dist.*, 205 F.3d 583, 589 (3d Cir. 2000).[1]

Because a settlement agreement is a form of contract, allegations of breached settlement obligations are governed by contract law. *Plymouth Mut. Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co.*, 378 F.2d 389, 391 (3d Cir. 1967). A court must grant a motion to enforce if it finds that a defendant breached a duty created by a binding agreement and that the breach caused the plaintiff to suffer damages. *See Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879,

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

2

900 (3d Cir. 2013). As Judge Wettre correctly recognized, Jacob's Limo "bears the burden of providing proof sufficient for the Court to find by a preponderance of the evidence that . . . defendants breached a duty" under the terms of the Settlement Agreement. 9a.

The relevant terms of the Settlement Agreement obligate the City to "continue [its] vigilance, enforcement efforts[,] and supervision of all autocab, limousine, and livery services operating under the laws of New Jersey and the laws of the City of Newark, and . . . enforce diligently all such laws applicable to all autocab, limousine[,] and livery services under their licensure." 5a. In moving to enforce the Settlement Agreement, Jacob's Limo argued that the City breached the Settlement Agreement by, *inter alia*, failing to limit the issuance of autocab licenses based on available parking. It has sought relief in the form of formal monitoring of the City's licensing procedures by a monitor paid for by the City.

On appeal, Jacob's Limo takes issue with the District Court's interpretation of the sections of the Code of the City of Newark (the "City Code") that regulate autocabs, limousines, and livery services. The District Court's interpretation was based on the City Code's plain language. Jacob's Limo urges that the District Court should have instead considered "Jacob's Limo's interpretation and allegations" contained in the complaint, as well as the intent of the parties, when analyzing the City Code and the City's obligations under the Settlement Agreement. That assertion is wrong.

"In interpreting a statute[,] courts should avoid a construction that would render 'any word in the statute to be inoperative, superfluous or meaningless, or to mean

3

something other than its ordinary meaning.'" *Bergen Commercial Bank v. Sisler*, 723 A.2d 944, 952 (N.J. 1999) (citing *In re Post*, 659 A.2d 500, 507 (N.J. Super. Ct. App. Div. 1995)). Jacob's Limo's recommended interpretations "would not be consistent with a plain reading of [the City Code] and improperly would render certain of the statutory language superfluous." 13a. For example, Jacob's Limo construes City Code § 34:2-3 as requiring all autocab companies to have as many off-street parking places at its principal place of business in Newark as it has autocabs in its fleet. Section 34:2-3 states:

> "The principal place of business or base can only be located in those districts permitted by local zoning ordinances and shall not be combined with any residential property and/or any other business. All autocabs shall be garaged and shall not be stored and/or parked on the streets of the City of Newark."

Newark City Code § 34:2-3. This provision clearly does not state *where* autocabs shall be garaged, only that they are prohibited from being parked on Newark streets. Jacob's Limo's argument to disregard the plain language of the City Code therefore fails, and the District Court's interpretation of the City Code is correct.

Jacob's Limo argues in the alternative that, even using the plain reading of the City Code, there is sufficient evidence to demonstrate that the City breached the Settlement Agreement by permitting certain autocab companies to operate without proper zoning approvals or licenses. But Jacob's Limo plainly has not met its burden of demonstrating that autocab companies were doing anything of the sort. As the District Court rightly highlighted, Jacob's Limo could have used discovery and the three-day evidentiary hearing to call representatives of various autocab companies and assess their compliance with the City's autocab laws. Despite these opportunities, Jacob's Limo did

4

not establish a lack of compliance; rather, the evidence elicited at these proceedings actually showed that other autocab companies were *in* compliance with those licensing and registration laws.[2]  At best, Jacob's Limo only raised questions as to *whether* the City diligently enforced its zoning and licensing requirements.  It failed to prove that other autocab companies were *not* in compliance with those requirements, nor did it adduce any evidence that the City did *not* enforce the regulations.  Accordingly, we agree that Jacob's Limo failed to meet its burden of showing that the City breached its legal duty under the Settlement Agreement.

Therefore, for the foregoing reasons, we will affirm the District Court's denial of Jacob's Limo motion to enforce.[3]

---

[2] For example, six autocab companies – Ecuamerica Car Service, LLC; Family Auto Cab, Inc.; Gemini Auto Cab Service, LLC; Gold Lincoln Services; International Express Car Service Corporation; and Transunion Car Service – offered a variety of documentary proof that showed their compliance with the City's laws, including evidence of zoning approval, certificates of continued occupancy, city inspections, and business licenses. While Jacob's Limo questions the sufficiency of this evidence, it does not point to anything that would prove by a preponderance of the evidence – the requisite standard in a breach of settlement agreement case – that the City allowed those companies to operate without proper approvals.  "[I]t is plaintiff's burden as the party asserting breach to demonstrate a lack of compliance, rather than Newark's burden to prove its compliance." 19a.

[3] Because we hold that the City has not breached the Settlement Agreement, we need not reach the question of damages.  But even if Jacob's Limo had successfully shown that the City breached the Settlement Agreement, we agree with the District Court that any damages Jacob's Limo suffered would be speculative because Jacob's Limo failed to produce expert testimony that laid a factual foundation for testimony regarding future earnings.  *See Benjamin v. Peter's Farm Condo. Owners Ass'n*, 820 F.2d 640, 642–43 (3d Cir. 1987).