## Abbott's Estate.

*Contracts—Construction—Punctuation.*

Punctuation is an uncertain aid in the interpretation of written instruments, and is to be resorted to only when other means fail.

*Mortgage—Bond—Lien—Restricting lien—Punctuation.*

In construing a restriction in a bond accompanying a mortgage the words used should be given their popular and ordinary meaning, and effect should be given to all of them, unless there is some good reason for giving them a different meaning, or for rejecting some of them as mere surplusage.

A bond accompanying a mortgage contained the following provision : " It is hereby agreed that any judgment entered by virtue of this bond shall be restricted in its lien operation and effect to the premises described in a certain mortgage bearing even date herewith given by said obligors to the obligee." *Held*, (1) that the word " lien " should be given its ordinary effect as a noun, and that it should not be construed as an adjective qualifying the words " operation " and " effect ; " (2) that the judgment obtained on the bond was limited in its lien to the premises described in the mortgage, and could not be recovered out of other property of the obligor.

Argued Jan. 11, 1901.   Appeal, No. 215, Jan. T., 1900, by John Y. Huber, from decree of O. C. Phila. Co., Jan. T., 1900, No. 145, overruling exceptions to adjudication in the estate of Elizabeth E. Abbott, deceased.   Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. . Affirmed.

Exceptions to adjudication.

The auditing judge, Hanna, P. J., found the facts to be as follows :

A claim was presented by Mr. Pennewill and Mr. Bright for

John Y. Huber, to recover the sum of $14,946.33, with interest thereon from November 6, 1899, being the balance due upon testatrix's bond and mortgage dated December 26, 1894.

The claim was objected to by accountants and counsel for the legatees.

From the evidence it appeared that the testatrix in her lifetime was the owner in fee of a certain mansion house and land surrounding it, situate in this city, and known as "Abbottsford."

On December 26, 1894, she with her husband executed a mortgage upon said real estate to the claimant for the sum of $27,710.64 payable at the expiration of five years or sooner at the option of the mortgagors, with interest at five per cent per annum.

On the same day, testatrix and her husband executed their joint bond to the claimant, but without any warrant of attorney accompanying it, in the sum of $55,421.28 conditioned for the payment by the obligors, their heirs, executors or administrators, or any of them, of the sum of $27,710.64, at the expiration of five years from the date thereof.

It was further provided therein, inter alia, "It is hereby agreed that any judgment entered by virtue of this bond shall be restricted in its lien operation and effect to the premises described in a certain mortgage bearing even date herewith given by said obligors to the said obligee."

The interest upon said mortgage, however, seems not to have been promptly paid, and by its terms and conditions, the principal thereof became demandable.

A scire facias was accordingly issued upon said mortgage on August 2, 1895. Defense was made thereto by Mrs. Abbott, but before the litigation was determined she died. Her administrators c. t. a. were suggested of record. On January 9, 1899, upon a trial before a jury, a verdict was rendered in favor of the mortgagee for $32,000. Judgment was entered thereon, and finally the real estate was sold by the high sheriff and purchased by the mortgagee for the sum of $20,000 and a deed executed to him by the sheriff on December 30, 1899.

This, however, did not discharge the debt due the mortgagee. There still remains due the sum of $14,946.33, with interest from November 6, 1899, and which it is now claimed he is en-

titled to recover out of the general estate of testatrix, as a debt due and payable by her.

The auditing judge disallowed the claim.

Exceptions to the adjudication were dismissed in an opinion by ASHMAN, J.

*Error assigned* was in dismissing exceptions to adjudication.

*O. Percy Bright*, with him *Walton Pennewill*, for appellant. —The appellant contends, that by the proviso in the bond, the intention of the parties is clearly expressed, to limit the general power of the judgment only in one particular, viz : as to its lien, which is to be confined to the premises described. In all other respects the judgment is to retain its usual power and attributes, so that the obligor still remains personally liable on the bond, and her property subject to seizure and sale under execution issued upon judgment recovered on the bond: White v. Smith, 33 Pa. 186 ; McMurray v. Hopper, 43 Pa. 468.

*Rudolph M. Schick*, with him *Charles R. Maguire*, for appellees.—A provision such as contained in the bond, when the intent is manifested, will be enforced by the courts : Irvin v. Shoemaker, 8 W. & S. 75 ; Hoopes v. Beale, 90 Pa. 82 ; Lane v. Smith, 103 Pa. 415 ; Hoeveler v. Mugele, 66 Pa. 348 ; Schweyer v. Walbert, 190 Pa. 334.

Such an intent is manifested in this provision in the case at bar. If the provision were that the judgment should be restricted as to its lien only, the right to prove the debt here could not be restricted: Stanton v. White, 32 Pa. 358 ; Dean's App., 35 Pa. 405 ; McMurray v. Hopper, 43 Pa. 468 ; Hoskins v. Harlan, 1 Del. Co. Rep. 285.

To say the bond shall be restricted in its operation and effect to the property described, is to say that it shall have no action as against property other than that: Carson v. Ford, 6 Pa. Superior Ct. 17.

In law, punctuation is never resorted to, to ascertain the meaning of a contract unless all other means fail: White v. Smith, 33 Pa. 186 ; Ewing v. Burnet, 11 Pet. (U. S.) 54 ; Gyger's Est., 65 Pa. 312.

OPINION BY MR. JUSTICE FELL, March 11, 1901 :

The bond on which the appellant's claim is founded accom-

panied a mortgage given by the decedent on her real estate. It contains the following provisions : " It is hereby agreed that any judgment entered by virtue of this bond shall be restricted in its lien operation and effect to the premises described in a certain mortgage bearing even date herewith, given by said obligors to the obligee." If the provision in the bond relates only to the lien of the judgment, the appellant was entitled to share in the distribution, for a stipulation that the lien of a judgment shall be restricted to a certain designated land, restricts the lien only and does not exempt other property of the debtor from liability for the debt secured by the judgment: Stanton v. White, 32 Pa. 358. The construction claimed by the appellant is that, as there is not a comma after the word "lien," it should be considered as an adjective qualifying the nouns " operation " and " effect," and that the restriction of the judgment is in its operation and effect as a lien only.

In construing the restriction, the words used should be given their popular and ordinary meaning, and effect should be given to all of them, unless there is some good reason for giving them a different meaning or for rejecting some of them as mere surplusage. The word " lien " is ordinarily used as a noun, and its use as an adjective is unusual, and in the collocation in which it is here found, anomalous. If the intention was to limit the lien only, one word was sufficient, and the use of the other two was superfluous and tended to obscure the meaning. The judgment obtained on the bond would be a lien on all the real estate owned by the obligee, and its operation and effect would be to make all her property liable to be taken in execution. The plain meaning of the words used is that the restriction applies both to the lien of the judgment and to its operation and effect, and resort cannot be had to the rules of punctuation to give them an unusual meaning. Punctuation is an uncertain aid in the interpretation of written instruments, and is to be resorted to only when other means fail: Gyger's Estate, 65 Pa. 311.

The decree is affirmed at the cost of the appellant.