Richter, Appellant, *v.* Commonwealth Casualty Co.

*Insurance—Accident insurance—Construction of policy—Ambiguity arising from punctuation.*

Where the terms of an accident insurance policy are ambiguous solely because of punctuation, which is evidently erroneous, the words of the policy and not the punctuation will control its construction.

The punctuation of a document, although it may aid in determining the meaning, will not control or change a meaning which is plain from a consideration of the whole document and the circumstances. Nor can punctuation marks be allowed to give the contract

an unconscionable and inequitable meaning.  The Court may employ proper punctuation marks in reading the contract in order to give effect to the intention of the parties.

Argued October 26, 1927.  Appeal No. 8, February T., 1928, by plaintiff from judgment of C. P. Luzerne County, October T., 1925, No. 1049.  In the case of Hugo Richter v. Commonwealth Casualty Company.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Assumpsit on a policy of accident insurance.  Before COUGHLIN, J.

The facts are stated in the opinion of the Superior Court.

Defendant filed an affidavit of defense raising questions of law.

Judgment for plaintiff in the sum of $100.00.  Plaintiff appealed.

*Error assigned* was the judgment of the court.

*George I. Puhak,* and with him *G. John Bruger* and *Conrad A. Falvello,* for appellant.

*C. William Freed,* and with him *John H. Bigelow,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:

The question here involved is the proper construction of a contract of insurance against the effects of bodily injuries caused by accidental means.  It arises through the filing, under section 20 of the Practice Act of May 14, 1915, P. L. 483, of an affidavit of defense raising questions of law.  The material facts are not in dispute.  On April 13, 1925, the appellee, Commonwealth Casualty Company, issued its policy to Otto Richter, in which his father, Hugo Richter, the appellant, was named as the beneficiary.  On June 26, 1925,

Otto Richter, while engaged in the performance of his duties. as a carpenter fell down an elevator shaft and was instantly killed. In the statement of claim, to which was attached a copy of the policy, the beneficiary averred that the amount due him under the policy was $5,000, but the court below construed the policy to mean that the amount due him for the loss of the life of the insured, under the circumstances set forth in the statement, was only $100 and entered judgment against the defendant for that amount. From the judgment so entered we have. this appeal by the beneficiary. The policy is entitled:

" 'PEERLESS TEN DOLLAR' POLICY-

Paying limited Indemnity for loss of life, limb, limbs, or sight by accidental means, and for loss of time by accidental means and sickness and indemnity for certain fractures and Identifying service, to the extent herein provided.''

The undertaking of the company, material to this case, reads that it

"In CONSIDERATION OF the statements in the application, a copy of which is endorsed hereon and made part hereof, and of TEN DOLLARS ($10.00) PREMIUM.

HEREBY INSURES Otto Richter, subject to all the provisions and limitations herein contained for the term of ONE YEAR from noon, standard time of the day and at the place this policy is dated, against the effects of BODILY INJURIES caused directly, solely and independently of all other causes by External, Violent and Accidental means ...... ''

The policy is divided into sections and the question in this case is whether the company is liable in the

sum of $5,000 under the provisions of Section A, or for only $100 under Section F. Section A reads as follows:

"Section A.          ACCIDENT BENEFITS

*Value First Year
Under Sec. A.*

For loss of Life ................... $5,000.00

For loss of both hands by complete severance at or above wrists ...... 3,500.00

...... [*Remainder of table, fixing different amounts for loss of other members and varying with length of time policy is carried, omitted because not material*] resulting within thirty days from date of accident solely from such injuries, which shall have caused continuous total disability from date of accident to date of loss, but only when such injuries are sustained.

WHILE TRAVELING as a passenger in a place regularly provided for passengers, within any common carrier's public passenger conveyance (animals, aerial machines or conveyances excepted). But only when such injuries are sustained by reason of the wrecking of such conveyance."

Section F reads:

"Section F.          DEATH BY ANY ACCIDENT.
The Company will pay for loss of life of the Insured which results within thirty days from date of accident, solely from such injuries caused by an accident in or out of business if not otherwise covered by this policy, and which shall have caused continuous total disability from date of accident to date of loss the sum of ONE HUNDRED DOLLARS ($100.00)."

The learned counsel for appellant contend that, although the insured did not lose his life by reason of injuries sustained while traveling as a passenger in a public passenger conveyance of a common carrier, and through the wrecking of such conveyance, yet the beneficiary is entitled to recover $5,000 under Section A because that section is ambiguous and must therefore be construed strictly against the company. They say in their brief that "The ambiguity arises not from the words employed, but from the punctuation and suggestive and misleading manner of printing Section A, as it appears in the policy and from other language used in the policy." They direct attention to the fact that there is a period after the word "sustained" and preceding the clause "while traveling as a passenger," etc. As we understand their argument, it is that the portion of Section A above that period is and was intended to be complete in itself and that the "while traveling" clause forms no part of and does not limit that section. It is obvious that the use of a period after the word "sustained" is improper if the "while traveling" clause is to be read as a part of and as limiting the preceding part of the section. If this punctuation be disregarded the section as a whole is intelligible and the different parts consistent with each other. On the other hand, if the portions be separated, in accordance with the contention of appellant, neither is complete in itself. The first would be incomplete because there is therein no specification of the nature of the accident, resulting in the loss of life or member within thirty days, which will entitle the insured or his beneficiary to the benefits provided in Section A, and the second, which is plainly intended to modify something, would have nothing to modify. We are not impressed with the argument in behalf of appellant that there has been an "artful and studied effort made" to so frame the policy that its language is

calculated to mislead and should, therefore, under the familiar canon of construction, be construed strictly against the insurance company and in favor of the larger indemnity.

It appears from the face of the policy that it is a "Ten Dollar," i. e. cheap, policy; that it pays limited indemnity for loss of life, personal injuries, loss of time, and sickness, caused by accidents, to the extent therein provided. Section A provides for the payment of the very considerable sum of $5,000 during the first year, and $7,500 after the fifth year for loss of life, resulting from injuries sustained under certain specified circumstances, viz., while traveling as a passenger in a common carrier's public passenger conveyance and then only when such injuries are sustained because of the wrecking of such conveyance. The same section provides for the payment of proportionate amounts for serious personal injuries due to the same cause. The inclusion of Section F, under which the company agrees to pay $100 for loss of life resulting within thirty days from "an accident in or out of business if not otherwise covered by [the] policy," is significant, and makes it clear that the provisions of Section A do not apply to death from all accidental causes. The parties had a right to contract with respect to what accidents the company shall, or shall not, be liable for and the amounts to be paid for injuries sustained in different kinds of accidents, and a court may not make a new contract for them. This policy was construed by the Circuit Court of Appeals, Eighth Circuit, in the case of Commonwealth Casualty Company v. Aichner, 18 Fed. Rep., 2nd Series, p. 879. The contentions now advanced in behalf of this beneficiary were made in that case and the same construction of Section A was there urged. In the course of the opinion we find the following pertinent paragraph: "It may safely be said that

if a comma, semi-colon, colon, or no punctuation at all had appeared after the word 'sustained' and before the words 'while traveling,' the claim of ambiguity in or liability under Section A would never have occurred to any one. The entire controversy arises over a matter of uncertain and inexact punctuation. This alone cannot be suffered to change the true and apparent meaning of an instrument."

In interpreting any contract the words and not the punctuation are the controlling guide: "The punctuation of a document, although it may aid in determining the meaning, will not control or change a meaning which is plain from a consideration of the whole document and the circumstances. Nor can punctuation marks be allowed to give the contract an unconscionable and inequitable meaning. In order to give effect to the intent of the parties it has been held that the court may employ proper punctuation marks in reading the contract": 13 C. J. 535; Small Co. v. American Sugar Refining Co., 267 U. S. 233; White v. Smith et al., 33 Pa. 186; Abbott's Estate, 198 Pa. 493. Taking this contract of insurance, as we should, by its four corners and determining its meaning from its language we are satisfied that the court below committed no error in the construction which it placed upon the policy.

The judgment is affirmed.