**PLYMOUTH MUTUAL LIFE INSURANCE COMPANY, Appellant,**

v.

**ILLINOIS MID–CONTINENT LIFE INSURANCE COMPANY OF CHICAGO, ILLINOIS.**

Nos. 16061, 16124.

United States Court of Appeals Third Circuit.

Argued Feb. 10, 1967.

Decided May 9, 1967.

Leonard J. Cook, Philadelphia, Pa. (William T. Coleman, Jr., Bruce W. Kauffman, Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., on the brief), for appellant.

Jerome J. Shestack, Philadelphia, Pa. (William T. Hangley, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Feuerstein & Underweiser, New York City, on the brief), for appellee.

Before BIGGS, HASTIE and FORMAN, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

This action was brought in July, 1965, by Plymouth Mutual Life Insurance Company, the present appellant, against Illinois Mid-Continent Life Insurance Company of Chicago, Illinois. An Agreement of Settlement and Release entered into by the parties was approved by order of the district court on January 4, 1966. One provision of this agreement has led to the present controversy. Paragraph VIII (A) stipulates:

> "No later than one (1) week from the date of the signing of this Agreement, Plymouth and National, at their mutual expense, shared equally, shall send an impartial professional insurance adjuster (Irving Javer, of the Norman Reitman & Co., Rockefeller Plaza, New York City, New York, or if he is not available another impartial professional insurance adjuster mutually satisfactory to Plymouth and National) to Boston to inspect and study all of the books * * * in the possession, custody or control of Progressive Insurance Agency, Inc. * * *."

The agreement also indicates that the adjuster's report is to be the basis of deter-

mination whether a third party, Progressive Insurance Agency, Inc., shall continue to serve as paying agent in connection with certain claims.

Alleging that at the time Javer made the agreed investigation he was no longer in the employ of Norman Reitman & Co., appellee refused to accept his report. Accordingly, the district judge, acting upon some informal oral representation in chambers, heard argument but refused to receive tendered evidence and then ordered that another impartial insurance adjuster be selected by the parties.[1] Upon their failure to do so, the judge made the appointment himself. An appeal has been taken from both orders.

■■ Appellee argues, preliminarily, that the orders of the district court are not "final" within the meaning of section 1291 of title 28, United States Code. But it is sometimes appropriate that the requirement of finality be given a "practical rather than a technical construction". Gillespie v. United States Steel Corp., 1964, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199. And this is especially so when supplementary post-judgment orders are involved, because the policy against and the probability of avoidable piecemeal review are less likely to be decisive after judgment than before. Cf. McDonnell v. Birrell, 2 Cir., 1963, 321 F.2d 946. The removal of Javer affected a substantial right for which appellant had bargained in agreeing to settlement. Alleged denial of that right is immediately reviewable by this court. Cf. Massachusetts Fire & Marine Insurance Co. v. Schmick, 8 Cir., 1932, 58 F.2d 130.

The merits of this controversy require an interpretation of the settlement agreement, specifically, of the words "of the Norman Reitman & Co.". Appellant claims that these are merely words of description, identifying Javer, rather than a limitation on his acceptability as a neutral adjuster.

■ In construing the agreement, basic contract principles are applied. Meaker Galvanizing Co. v. McInnes & Co., Inc., 1922, 272 Pa. 561, 116 A. 400. In ascertaining the intent of the parties, strong evidence may be provided by conduct of the parties themselves that is indicative of their understanding of what they had agreed. Atlantic Refining Co. v. Wyoming National Bank of Wilkes-Barre, 1947, 356 Pa. 226, 51 A.2d 719, 170 A.L.R. 1060. Here, appellant offered to prove that appellee knew before Javer began his investigation that he had left Reitman & Co., yet no objection was made to his functioning under the settlement agreement until after his report had been filed and found to be adverse to appellee's contentions. These circumstances, if true, would justify a conclusion that the parties had selected Javer as an individual and that the continuation of his association with Reitman & Co. was, in their contemplation at the time of settlement, irrelevant to his acceptability.

■ But aside from the conduct of the parties after the event, where the terms of a contract are clear and unequivocal, the intent of the parties is appropriately determined form the document alone. Salant v. Fox, 3 Cir. 1921, 271 F. 449; Kennedy v. Erkman, 1957, 389 Pa. 651, 133 A.2d 550. That Javer was chosen as an acceptable individual rather than as a Reitman associate is suggested by the word "he" in the clause providing for another adjuster in case of Javer's unavailability. This indication is reinforced by the provision that the parties should choose "another impartial adjuster", rather than another associate of Norman Reitman & Co., if Javer should be unavailable. Also, punctuation may be used as an aid in interpreting a contract. Richter v. Commonwealth Casualty Co., 1928, 93 Pa.Super. 28. Here the words "of Norman Reitman & Co." are set off by commas, inappropriate punctuation if the words were intended to be a limitation

---

1. While we do not approve action on a contested matter like this without even requiring the filing of a motion, we find it unnecessary to make our decision here turn upon that procedural matter.

rather than description. And nothing in the language of the agreement suggests a contrary intention.

Since the meaning of this provision of the settlement agreement is in our view unambiguous, a hearing to determine intent is unnecessary. And because this case involves the immediate interests of policyholders, the implementation of the settlement agreement should not be delayed by unessential or unduly protracted disputes between insurance companies.

The orders of the district court will be vacated and the cause remanded for the entry of an order requiring the acceptance of Javer's report.