

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2008

# USA v. Craft

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3150

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Craft" (2008). *2008 Decisions.* Paper 121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-14                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-3150

———————

UNITED STATES OF AMERICA

vs.

ERIC CRAFT,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 02-cr-00011-1)
District Judge: Honorable William W. Caldwell

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2008
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed: December 11, 2008 )

———————

OPINION

———————

PER CURIAM

　　　　Appellant Eric Craft pleaded guilty in September 2002 to a superseding

information, alleging a violation of 18 U.S.C. § 924(j) for causing the death of another by use of a gun during a crime of violence or drug-trafficking offense. The government agreed to drop all other charges. In May 2003, he was sentenced in United States District Court for the Middle District of Pennsylvania to a term of imprisonment of 480 months, to be followed by five years of supervised release. We affirmed in United States v. Craft, 139 Fed. Appx. 372, 374-75 (3d Cir. 2005).[1] In December 2006, the District Court denied Craft's timely filed motion to vacate sentence under 28 U.S.C. § 2255. We denied his request for a certificate of appealability in July 2007 in United States v. Craft, No. 07-1060 (3d Cir. July 30, 2007).[2]

In October 2007, Craft filed a pro se petition for a writ of habeas corpus ad subjiciendum, the common-law equivalent of a section 2255 motion, which the District Court denied on October 23, 2007. In November 2007, he filed a second ad subjiciendum petition, which the District Court denied on November 13, 2007. In December 2007, Craft filed a Rule 60(b) motion to void the criminal judgment based on fraud upon the court, which the District Court denied on February 11, 2008. Since that date, Craft has

---

[1] Craft argued on direct appeal that the government breached the plea agreement because he had agreed to plead guilty only to manslaughter under 18 U.S.C. § 924(j)(2). We rejected the claim as meritless on the ground that the superceding information charged Craft with murder, and the plea colloquy clearly indicated that he was pleading guilty to murder, not manslaughter.

[2] Craft alleged in his section 2255 motion that his guilty plea was involuntary, trial counsel was ineffective at sentencing, and the District Court improperly departed upward from the Guidelines without giving him advance notice. After holding a hearing, the District Court rejected these arguments.

filed several motions seeking to void the criminal judgment, all of which were denied by the District Court.

At issue in the instant appeal, on June 16, 2008, Craft filed an item titled "Memorandum of Law in Support of Motion for Court to Assign Hearing for Court to Prove Jurisdiction/Venue," seeking a hearing on the federal courts' jurisdiction over his criminal case. In an order entered on June 17, 2008, the District Court denied the motion. Craft timely appeals.

Our Clerk notified Craft by letter that this appeal was subject to summary disposition under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We have jurisdiction under 28 U.S.C. § 1291.[3] Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal.

We will summarily affirm the order of the District Court denying the motion for a hearing on jurisdiction and venue. In view of his history of direct and collateral challenges to his criminal judgment, the District Court correctly denied Craft a hearing on his "foreign sovereign immunity" jurisdictional argument. It clearly appears that no substantial question is presented by this appeal.

---

[3] We will treat this as a final and appealable post-judgment order. See Isidor Paiewonsky, Inc. v. Sharp Properties, Inc., 998 F.2d 145 (3d Cir. 1993); Plymouth Mut. Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co., 378 F.2d 389, 391 (3d Cir. 1967).

For the foregoing reasons, we will summarily affirm the order of the District Court, denying Craft's motion for a hearing on jurisdiction and venue.