DLD-085                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2757
_____

UNITED STATES OF AMERICA

v.

JEREMY NOYES,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Criminal No. 1:08-cr-00055)
District Judge:  Honorable David S. Cercone

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
January 15, 2015

Before:  FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 21, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jeremy Noyes, a federal prisoner proceeding pro se, appeals from orders dismissing two post-judgment motions. We will affirm.

In 2011, Noyes was convicted of the transportation, receipt, and possession of material depicting the sexual exploitation of a minor and the transportation of obscene material and was sentenced to 45 years in prison. We affirmed the conviction and sentence in 2012. See United States v. Noyes, 501 F. App'x 168 (3d Cir. 2012), cert. denied, 133 S. Ct. 1654 (2013). In March 2012, while his direct appeal was pending, Noyes filed a motion to correct the record, seeking to have the District Court change certain factual aspects of its memorandum opinion concerning the denial of a pre-trial motion to suppress evidence. About two years later, in February 2014, Noyes filed a motion for an order to show cause why the "chambers file" of the judge who presided over his trial should not be turned over to him so that he could prepare a motion to vacate sentence pursuant to 28 U.S.C. § 2255. In April 2014, the District Court summarily denied both motions. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 to review a District Court's post-judgment orders. See Isidor Paiewonsky Assoc., Inc. v. Sharp Properties, Inc., 998 F.2d 145, 150 (3d Cir. 1993); Plymouth Mut. Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co., 378 F.2d 389, 391 (3d Cir. 1967). We may summarily dispose of an appeal when it clearly appears that no substantial question is presented, see 3d Cir. L.A.R. 27.4; I.O.P. 10.6, and we may affirm on any ground supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

2

In his first motion, Noyes asked the District Court to change its opinion "to reflect the correct factual circumstances." Specifically, Noyes objected to the "implication" that a thumb drive contained pornography and to the use of certain names and e-mail addresses "as if they were real, identifiable persons." His stated reason for seeking the changes was that his direct appeal was pending before this Court. However, Noyes presented no support for his view of the facts or his notion that the District Court somehow made a clerical error in its descriptions.[1] Furthermore, his appeal, which focused on sentencing and waiver of counsel issues, did not involve the challenged "facts" from the opinion denying his motion to suppress evidence. See Noyes, 501 F. App'x at 169-73. Under these circumstances, the District Court correctly denied the motion.

In his second motion, Noyes sought to have the "chambers file" of the District Judge turned over to him so that he could "investigat[e] certain discrepancies" and complete his motion to vacate sentence pursuant to 28 U.S.C. § 2255. He provided nothing further in support of his request. It appears that the motion is best construed as a

---

[1] Under Rule 36 of the Federal Rules of Criminal Procedure, a court may correct a "clerical error" in any part of the record. This has been narrowly interpreted to be an error that is "mechanical in nature," and of the type that "a clerk or amanuensis might commit." United States v. Penson, 526 F.3d 331, 335 (6th Cir. 2008) (citation omitted). Noyes essentially alleged that the District Court was mistaken about the facts, which does not fall within the narrow scope of "clerical error" that the court had the authority to correct under Rule 36. Furthermore, there does not appear to be any basis for Noyes' allegations. The memorandum opinion does not state that pornography was found on the thumb drive and the references to certain names appear in verbatim quotes from affidavits of probable cause.

discovery request, even though such requests are not directed to judges.[2] Under Rule 6 of the Rules Governing § 2255 Proceedings for the United States District Courts, discovery may be authorized for "good cause," and "[a] party requesting discovery must provide reasons for the request." Noyes made no specific allegations that would have enabled the court to determine whether the requested file was even relevant to the claims he sought to raise in his § 2255 motion. Instead, it appears that he sought to go on a fishing expedition for evidence, which does not constitute good cause for granting a discovery request. See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). The District Court therefore did not err by denying his motion.

In his notice of appeal, Noyes contends that the District Court erred by denying his motions without offering a rationale and that this, and other alleged acts, were done to cover up misconduct by the trial judge. This extreme allegation is wholly devoid of support. Noyes' motions were similarly baseless. Under the circumstances of this case, we perceive no error in the summary denial of them. For the foregoing reasons, we will summarily affirm the orders of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] We further note that the nature and extent of Noyes' request is unclear, given that he seeks a "chambers file." The records of criminal proceedings are kept by the Clerk's Office. See Fed. R. Crim. P. 55.

4