DLD-033                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2405
_____

MICHAEL OSEI,

Appellant,

v.

TEMPLE UNIVERSITY, of the Commonwealth System
of Higher Education; DR. MIA K. LUEHRMANN,
Associate Dean of Undergraduate Studies; ANDREA C.
SEISS, Senior Associate Dean of Students; DR. ROBERT
J. LEVIS, Department of Chemistry, Chairman &
Professor; DR. GRANT KROW, Professor of Chemistry;
DR. ANNE WEAVER HART, Individually and in her
official capacity as President of Temple University;
BRIAN C. FOLEY, Individually and in his official capacity
as Vice Chair, University Disciplinary Committee,
Temple University; DR. KEITH GUMERY, individually
and in his official capacity as Vice Chair, University
Disciplinary Committee, Temple University
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 10-cv-02042)
District Judge: C. Darnell Jones, II
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2016
Before: CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 23, 2016)

_____

OPINION[*]

_____

PER CURIAM

Appellant Michael Osei appeals from three post-judgment orders of the District

Court. For the reasons that follow, we will dismiss the appeal in part for lack of

jurisdiction and summarily affirm in part to the extent of our jurisdiction.

Osei, in pursuit of a Healthcare Management graduate degree from Temple

University, enrolled in Professor Grant Krow's organic chemistry course, and received a

grade of "C" for the semester. Osei was dissatisfied with this grade and corresponded

inappropriately with Professor Krow via e-mail concerning his grievance. Professor

Krow reported those emails to campus police and eventually Osei was charged with and

adjudicated guilty of a student code of conduct violation. On February 8, 2010, Osei was

notified that Temple University was imposing on him a suspension lasting through

August 15, 2010, and probation lasting through graduation.

After exhausting his administrative appeals, Osei filed suit in the United States

District Court for the Eastern District of Pennsylvania, alleging, among other claims, a

denial of procedural due process. The District Court allowed him to amend his

complaint, and then dismissed his federal claims and declined to exercise supplemental

jurisdiction over his remaining state claims. We affirmed on appeal on March 11, 2013,

holding that Osei was afforded the procedural due process required by the Fourteenth

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Amendment prior to his disciplinary suspension, see Osei v. Temple University, 518 F. App'x 86 (3d Cir. 2013). We subsequently denied his petition for rehearing and the mandate issued on April 17, 2013.

On September 22, 2015, more than two years after our mandate issued, Osei filed a motion to seal the court record relating to this case in both the Court of Appeals and the District Court. After receiving and considering responses from the parties, we denied the motion to seal, and, in an order entered on November 12, 2015, the District Court also denied the post-judgment motion to seal, see Docket Entry No. 48. On March 29, 2016, Osei filed, in the District Court only, a "Motion for Reconsideration and/or Appeal *Nunc Pro Tunc* of the District Court's *Non Sequitur* & Unconstitutional Order" denying his motion to seal, in which he argued that the District Judge had a prior association with Temple University School of Law and was biased. In an order entered on April 11, 2016, the Court denied this motion, concluding that there was no basis for recusal, see Docket Entry No. 58. In an order entered on May 5, 2016, the District Court denied a host of other post-judgment motions filed by Osei, challenging the order refusing to seal the court record, see Docket Entry No. 67. In this order the District Court admonished Osei "to stop inundating the Clerk's Office with repetitious filings. The effect of [your] repeatedly frivolous and vexatious filings is a significant drain on the court's resources and it simply must stop."

On May 11, 2016, Osei filed a notice of appeal, seeking review of these three orders, resulting in the instant appeal. After the Clerk issued a Briefing and Scheduling Order, Osei filed a motion for summary reversal of the three orders, and a motion to bar

3

the appellees from filing a response to the motion for summary reversal. Temple University and the individual appellees responded in opposition to these motions, and requested summary affirmance of the District Court's three orders. Osei replied in opposition to summary affirmance.

We will dismiss the appeal in part for lack of appellate jurisdiction and summarily affirm to the extent of our jurisdiction. The taking of an appeal within the prescribed time is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209 (2007). In an order entered on November 12, 2015, see Docket Entry No. 48, the District Court denied Osei's post-judgment motion to seal the court record. We lack jurisdiction to review this order and will dismiss the appeal to the extent that Osei seeks review of it. Osei had 30 days to appeal under Federal Rule of Appellate Procedure 4(a)(1)(A) and 28 U.S.C. § 2107(a). The notice of appeal filed on May 11, 2016 was not timely with respect to this order. Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) tolls the running of the appeal period only when a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) is filed within 28 days after entry of the judgment. Lizardo v. United States, 619 F.3d 273, 278-79 (3d Cir. 2010). Osei's March 29, 2016 "Motion for Reconsideration and/or Appeal *Nunc Pro Tunc* of the District Court's *Non Sequitur* & Unconstitutional Order" was not filed within 28 days of the District Court's order denying his motion to seal the court record. See generally Fed. R. Civ. P. 6(b)(2) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time," except that a "court

4

must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").  Accordingly, it did not toll the time for taking an appeal.[1]

In his March 29, 2016 motion for reconsideration, Osei asked the District Court to recuse pursuant to 28 U.S.C. § 455(a) because of a conflict of interest, and he argued that he had new evidence that the District Court had "a prior pecuniary affiliation" with Temple University that prevented it from fairly deciding his motion to seal the court record.  Rule 60(b)(2) provides that "the court may relieve a party … from a final judgment" where the movant has "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2).  In addition, Rule 60(b)(6) provides for relief from judgment for any reason that justifies relief, upon a showing of extraordinary circumstances, see Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977).  We will treat Osei's March 29, 2016 motion as a Rule 60(b) motion insofar as it presented grounds cognizable under Rule 60.  See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).  Osei's notice of appeal was timely filed within 30 days of the order denying this motion.  We thus have jurisdiction to review it.  28 U.S.C. 1291; Fed. R. App. P. 4(a)(1)(A).  The notice of appeal also was timely filed with respect to the order entered on May 5, 2016, wherein the District Court denied a host of other post-judgment, Rule 60(b)-type motions filed by Osei challenging the Court's impartiality, see Docket Entry No. 67.  We have jurisdiction to review that order as well.  See also Isidor

---

[1] In any event, we previously denied the identical motion to seal the court record when Osei filed it in this Court.

Paiewonsky, Inc. v. Sharp Properties, Inc., 998 F.2d 145, 149-50 (3d Cir. 1993) (post-judgment orders are final and immediately appealable); Plymouth Mutual Life Insurance Co. v. Illinois Mid-Continent Life Insurance Co., 378 F.2d 389, 391 (3d Cir. 1967) (same).

We will summarily affirm the orders of the District Court entered on April 11, 2016, see Docket Entry No. 58, and May 5, 2016, see Docket Entry No. 67, because no substantial question is presented by the appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We review the denial of a Rule 60(b) motion for an abuse of discretion. See Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc). The District Court abuses its discretion when it bases its decision "upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Id. (internal quotation marks and citation omitted). In denying the motions, the District Court concluded that Osei's allegations of bias were unfounded. After careful review of the record, we hold that the District Court, in reaching this conclusion, did not abuse its discretion.

For the foregoing reasons, we will dismiss the appeal in part for lack of appellate jurisdiction to the extent that Osei seeks review of the order entered on November 12, 2015, and summarily affirm the orders of the District Court denying Osei's March 29, 2016 motion for reconsideration and his numerous other repetitive and frivolous post-judgment motions. Osei's motion for summary reversal is denied as moot, and his motion to bar a response by the appellees is denied.