**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3271
_____

JEFFREY M. HARTY,
                                        Appellant,
                    v.

STATE OF NEW JERSEY; MORRIS COUNTY;
MORRIS COUNTY PROSECUTORS OFFICE;
SHIRLEY MCMURRAY; ANETTE MARASCO;
HANOVER TOWNSHIP; WILLIAM GUIDA;
ANTHONY VITANZA; JOHN BINNONI, County
Administrator of Morristown; FREDRICK KNAPP,
Morris County Prosecutor; JOSEPH QUINN; SHAWN
WALDRON, Captain; RYAN WILLIAM, Police Officer of
Hanover Township; RANDY GRANT; WILMAN DIAZ,
Morris County Sheriff Officer; BLANCHE L. HARTY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 16-cv-06779)
District Judge: Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2018

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 4, 2018)
_____

OPINION*
_____

_____
*This disposition is not an opinion of the full Court and pursuant to I.O.P.5.7 does not constitute binding precedent.

PER CURIAM

Jeffrey M. Harty appeals from orders of the District Court declining to reinstate his case unless he filed an amended complaint, dismissing his amended complaint, and dismissing as moot a defendant's post-judgment motion to dismiss. For the reasons that follow, we will dismiss the appeal in part for lack of jurisdiction and affirm in all other respects.

Harty submitted a pro se complaint and in forma pauperis application in the United States District Court for the District of New Jersey, alleging that he was maliciously prosecuted in violation of his constitutional rights. Harty's complaint was submitted on October 7, 2016. Ten days later he was granted leave to proceed in forma pauperis and his complaint was filed on the docket. In an order entered on November 14, 2016, the District Court dismissed the complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A but granted Harty leave to amend. In an order entered on June 26, 2017, the District Court denied Harty's request to reopen or reinstate the case because he had not yet filed an amended complaint.

Eventually, Harty filed an amended complaint, setting forth claims of malicious prosecution, false imprisonment, and excessive force, among others, against his ex-wife, various police officers, a state judge, and a corrections officer, all in violation of 42 U.S.C. § 1983. In an order entered on August 31, 2017, the District Court dismissed the amended complaint as to all defendants and all claims pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The District Court concluded that, with respect to all but Harty's malicious prosecution claim, the events which gave

2

rise to his claims all occurred before June, 2014, and thus his civil action was time-barred under New Jersey's two-year statute of limitations, N.J. Stat. Ann. § 2A:14-2. His malicious prosecution claim was not time-barred, the Court concluded, see Wallace v. Kato, 549 U.S. 384, 393-95 (2007) (malicious prosecution claims do not accrue until underlying conviction resulting from prosecution is invalidated), but none of the prosecutions referenced in the civil action resulted in a favorable termination, see Halsey v. Pfeiffer, 750 F.3d 273, 296-97 (3d Cir. 2014). Accordingly, no plausible claim for relief was stated.

On September 21, 2017, defendant Hanover Township filed a post-judgment motion to dismiss Harty's amended complaint, which the District Court dismissed as moot in an order entered on September 27, 2017. Harty, who was not then incarcerated, filed a notice of appeal on October 12, 2017. In his Informal Brief on appeal, Harty seeks review of the District Court's orders of June 26, 2017, August 31, 2017, and September 27, 2017.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's September 27, 2017 order dismissing Hanover Township's motion to dismiss as moot. See Isidor Paiewonsky, Inc. v. Sharp Properties, Inc., 998 F.2d 145, 149-50 (3d Cir. 1993) (post-judgment orders are final and immediately appealable); Plymouth Mutual Life Insurance Co. v. Illinois Mid-Continent Life Insurance Co., 378 F.2d 389, 391 (3d Cir. 1967) (same). Harty did not timely appeal the District Court's August 31, 2017 final order, Fed. R. App. 4(a)(1)(A) (providing for a thirty-day appeal period), nor did he file any motions to extend the time to appeal, Fed. R. App. P. 4(a)(5) and 4(a)(6).

3

Accordingly, we lack jurisdiction to review that order and any orders that preceeded it. The taking of a civil appeal "within the prescribed time is mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007).[1]  Harty's appeal from the District Court's August 31, 2017 order was due on Monday, October 1, 2017, see Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 26(a)(1)(C), but was not filed until October 12, 2017.

We will affirm the order of the District Court dismissing as moot Hanover Township's motion to dismiss Harty's amended complaint.  All of Harty's claims were dismissed as to all parties, including Hanover Township, by the District Court's August 31, 2017 order.  Therefore, Hanover Township's motion was properly dismissed as moot. Harty's Informal Brief on appeal offers no persuasive argument as to how he was aggrieved by this order, given that his amended complaint had already been dismissed. Cf. Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 333 (1980) (statutory standing to appeal exists only where party is aggrieved by order of district court from which he seeks to appeal).

For the foregoing reasons, we will dismiss the appeal in part for lack of jurisdiction and affirm the order of the District Court entered on September 27, 2017.

---

[1] In any event, Harty's appeal from the District Court's June 26, 2017 order denying his motion to reinstate his case is moot because he eventually filed an amended complaint. See Artway v. Att'y Gen. of New Jersey, 81 F.3d 1235, 1246 (3d Cir. 1996) (appeal is moot where this Court is unable to fashion any form of meaningful relief).