**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-1816

———————

JACOB CORMAN, in his official capacity as Majority Leader of the
Pennsylvania Senate; MICHAEL FOLMER, in his official capacity as
Chairman of the Pennsylvania Senate State Government Committee;
LOU BARLETTA; RYAN COSTELLO; MIKE KELLY; TOM MARINO;
SCOTT PERRY; KEITH ROTHFUS; LLOYD SMUCKER; GLENN THOMPSON;
JEFFREY CUTLER

v.

SECRETARY COMMONWEALTH OF PENNSYLVANIA;
COMMISSIONER BUREAU OF COMMISSIONS,
ELECTIONS & LEGISLATION

CARMEN FEBO SAN MIGUEL; JAMES SOLOMON; JOHN GREINER;
JOHN CAPOWSKI; GRETCHEN BRANDT; THOMAS RENTSCHLER;
MARY ELIZABETH LAWN; LISA ISAACS; DON LANCASTER; JORDI COMAS;
ROBERT SMITH; WILLIAM MARX; RICHARD MANTELL;
PRISCILLA MCNULTY; THOMAS ULRICH; ROBERT MCKINSTRY;
MARK LICHTY; LORRAINE PETROSKY

(Intervenors in District Court)

Jeffrey Cutler,
Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-18-cv-00443)
Circuit Judge: Kent A. Jordan;
District Judges: Jerome B. Simandle and Christopher Conner

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 14, 2018

Before: VANASKIE, COWEN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 25, 2018)
_____

OPINION*
_____

PER CURIAM

Jeffrey Cutler appeals from an order of the District Court denying his motion to intervene and for reconsideration and from an order dismissing the plaintiffs' complaint and denying injunctive relief.  For the reasons that follow, we will affirm in part and dismiss in part for lack of jurisdiction.

The Pennsylvania Supreme Court invalidated Pennsylvania's 2011 districting map as an unconstitutional partisan gerrymander under the Commonwealth's constitution. That court granted the General Assembly a period of time to enact replacement legislation, subject to the court's new legislative redistricting criteria.  When the General Assembly failed to do so, the court imposed its own redistricting map.

Plaintiffs Senator Jacob Corman, in his official capacity as Majority Leader of the Pennsylvania Senate; Senator Michael Folmer, in his official capacity as Chairman of the Pennsylvania Senate State Government Committee; and eight Republican members of Pennsylvania's delegation to the U.S. House of Representatives filed suit in the United

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

States District Court for the Middle District of Pennsylvania, contending that the state supreme court's decisions to strike the 2011 map and issue its own map violated the Elections Clause of the U.S. Constitution. Specifically, the plaintiffs alleged in Count I that the state supreme court's imposition of mandatory redistricting criteria violated the Elections Clause by usurping congressional redistricting authority vested exclusively in the General Assembly. In Count II, they alleged that the court further violated the Elections Clause when it developed its own map without providing the General Assembly an adequate opportunity to do so. The plaintiffs asked the District Court to enjoin the defendants from implementing the replacement map for the upcoming election and to require them to conduct the 2018 election cycle under the 2011 map. Pursuant to 28 U.S.C. § 2284(a), a three-judge panel was convened.[1]

The Pennsylvania Supreme Court's rulings came in a lawsuit filed in June, 2017 in the Commonwealth Court of Pennsylvania by the League of Women Voters and eighteen individual Pennsylvania voters. Following a hearing on March 1, 2018, the District Court granted the eighteen individual state-court petitioners leave to intervene and participate in the action as defendants ("the intervenor-appellees").[2] The District Court denied motions

---

[1] Under 28 U.S.C. § 2284(a), "[a] district court of three judges shall be convened ... when an action is filed challenging the constitutionality of the apportionment of congressional districts."

[2] Those intervenor-defendants are: Carmen Febo San Miguel; James Solomon; John Greiner; John Capowski; Gretchen Brandt; Thomas Rentschler; Mary Elizabeth Lawn; Lisa Isaacs; Don Lancaster; Jordi Comas; Robert Smith; William Marx; Richard Mantell; Priscilla McNulty; Thomas Ulrich; Robert McKinstry; Mark Lichty; and Lorraine Petrosky.

to intervene filed by the League of Women Voters and the National Democratic Redistricting Committee. The defendants then moved to dismiss the complaint for lack of jurisdiction and failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The intervenors moved for judgment on the pleadings under Rule 12(c). The Rule 12 motions contended that the District Court lacked jurisdiction over the action because the plaintiffs did not have constitutional or prudential standing to bring their Elections Clause claims. Numerous amici briefs were filed and a hearing was held on March 9, 2018. In an order entered on March 19, 2018, the District Court granted both the defendants' motion to dismiss and the intervenors' motion for judgment on the pleadings. The complaint was dismissed with prejudice for lack of standing; the plaintiffs' motion for injunctive relief also was denied. See Corman v. Torres, 287 F. Supp.3d 558 (M.D. Pa. 2018).

On April 3, 2018, and thus 15 days after judgment was entered, pro se litigant Jeffrey Cutler, who had not previously participated in the lawsuit, filed a post-judgment motion to intervene as a plaintiff and motion for reconsideration. Cutler claimed that the Pennsylvania Supreme Court's replacement map violated the United States and Pennsylvania Constitutions and he sought to stay the May 15, 2018 primary election. In an order entered on April 10, 2018, the District Court denied the motion as both untimely and without merit. The Court concluded that Cutler could not satisfy Rule 24's requirements for intervening, and that, even if he could assert a proper basis for intervention, his motion for reconsideration was untimely filed under the local rules.

Cutler filed a timely notice of appeal on April 12, 2018, seeking review of the District Court's order denying his motion to intervene and for reconsideration.

We have jurisdiction. See McKay v. Heyison, 614 F.2d 899 (3d Cir. 1980) (order denying intervention as of right immediately appealable). See also Isidor Paiewonsky, Inc. v. Sharp Properties, Inc., 998 F.2d 145, 149-50 (3d Cir. 1993) (post-judgment orders are final and immediately appealable); Plymouth Mutual Life Insurance Co. v. Illinois Mid-Continent Life Insurance Co., 378 F.2d 389, 391 (3d Cir. 1967) (same). On April 16, 2018, Cutler filed an amended notice of appeal, seeking review of the District Court's March 19, 2018 order dismissing the plaintiffs' complaint with prejudice and denying injunctive relief. Prior to briefing, Cutler filed a motion for an injunction pending appeal, Fed. R. App. P. 8(a), which a motions panel of this Court denied.

We will affirm in part and dismiss for lack of jurisdiction in part. The District Court properly denied Cutler's post-judgment motion to intervene and for reconsideration.[3] A proposed intervenor is not entitled to intervene as of right unless, among other things, the motion is timely, the proposed intervenor has an interest in the litigation, and the interest is not adequately represented by an existing party in the litigation. Fed. R. Civ. P. 24(a)(2).[4] A proposed intervenor must demonstrate that its

---

[3] Cutler's pro se brief is devoid of any argument pertaining to the District Court's appealable order denying his post-judgment motion to intervene. In this instance only, we will address the issue on the merits in recognition of our general preference for reaching the merits of issues and because the issue is straightforward.

[4] Rule 24(a)(2) provides:

interest is "specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." Kleissler v. U.S. Forest Service, 157 F.3d 964, 972 (3d Cir. 1998). Permissive intervention is discretionary with the District Court. Fed. R. Civ. P. 24(b)(2).

Cutler did not file his motion to intervene until after the case was over. He also did not show a sufficient interest in the litigation in that he did not seek to intervene to prosecute some aspect of the case that applies specifically to him. Although federal courts often permit intervention by voters, see Clark v. Putnam County, 168 F.3d 458, 461 n.3 (11th Cir. 1999) (referring to intervention of voters as "normal practice" in reapportionment disputes), they tend to do so when elected officials may represent only part of the electorate, id. Cutler's motion does not address how his particular participation would be required to achieve in some concrete fashion the relief sought. We note that, in seeking to intervene on the defendants' side, the eighteen individual state-court petitioners, who were granted leave to intervene by the District Court, were the only parties to present evidence at trial of the 2011 map's invalidity and the qualities of a map that would comply with the Pennsylvania Constitution. Cutler, in contrast, offered nothing of this nature.

---

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

Cutler also failed to show that his interests are not adequately represented by the plaintiffs. A proposed intervenor's interests are not adequately represented if they diverge sufficiently from the interests of the existing party, such that "the existing party cannot devote proper attention to the applicant's interests." United States v. Territory of the Virgin Islands, 748 F.3d 514, 520 (3d Cir. 2014). This burden to show that one's interests are not adequately represented is regarded as minimal, see Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 368 (3d Cir. 1995), but it does vary with each case, see Kleissler, 157 F.3d at 972. Here, Cutler made no showing at all that there is any divergence between his interests on the one hand and those of the plaintiffs on the other, or that the plaintiffs cannot devote proper attention to his interests.

Since the District Court properly denied Cutler's motion to intervene, he is neither a party nor an intervenor. He thus lacks standing to appeal the District Court's March 19, 2018 order dismissing the plaintiffs' complaint with prejudice and denying the motion to enjoin the implementation of the replacement map. See IPSCO Steel (Alabama), Inc. v. Blaine Construction Corp., 371 F.3d 150, 153 (3d Cir. 2004) ("Ordinarily, only parties of record before the district court have standing to appeal."). Cutler is not "a party aggrieved by" the March 19, 2018 judgment, see Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326, 333 (1980). Moreover, as a general matter, an appeal from the denial of an injunction by a three-judge panel lies directly to the United States Supreme Court, not the Court of Appeals. See 28 U.S.C. §§ 1253, 1291; Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715-16 (1962) (per curiam).

7

For the foregoing reasons, we will affirm the order of the District Court denying Cutler's post-judgment motion to intervene and for reconsideration. We will dismiss Cutler's appeal from the District Court's March 19, 2018 order dismissing the plaintiffs' complaint and denying injunctive relief for lack of jurisdiction.